## Daugherty, et al. v. Northern Coal & Coke Company.

(Decided March 6, 1917.)

### Appeal from Pike Circuit Court.

1. Bills and Notes—Innocent Purchaser for Value—Negotiable Instruments.—An innocent purchaser for value to the extent of the consideration paid acquires a title free from prior equities of which he had no notice, and the transfer of negotiable notes executed for the purchase money to an innocent holder for value is such payment as will protect the purchaser from prior equities of which he had no notice before the transfer of such notes.

2. Limitation of Actions—Action to Cancel Deed for Fraud.—A suit to cancel a deed alleged to have been procured by fraud practiced on the vendor must be brought within five years after the discovery of the fraud, and in no event longer than ten years after the perpetration of the fraud if the one to whom the cause of action accrued is sui juris.

3. Deeds—Action to Cancel Because of Fraud.—A deed will not be cancelled because of alleged fraud in the procuring of it if it is executed in compliance with a prior written contract to do so and which, being sufficient to require specific performance, is not itself attacked for fraud.

4. Deeds—Fraud—Action to Cancel Because of Fraud.—Relief will not be granted in a suit based upon fraud in the procurement of a deed to mineral rights because it includes minerals not sold without showing that the land contained such minerals as is charged to have been fraudulently conveyed by the deed.

5. Deeds—Action to Cancel Because of Fraud.—In a suit to cancel a deed for fraud in its procurement, a subsequent amendment to recover a personal judgment for damages in money because of the alleged deceit and fraud is a departure from the petition, and no judgment can be rendered upon the amendment without the defendant entering his appearance thereto or being summoned thereon.

J. S. CLINE and R. F. BLANKENSHIP for appellants.

AUXIER, HARMON & FRANCIS and EDWARD C. O'REAR for appellee.

Opinion of the Court by Judge Thomas—Affirming.

On November 13, 1901, D. J. Daugherty was the owner of a tract of land located in Pike county, Kentucky, containing 246 acres. On that day he and his wife, Elizabeth Daugherty, entered into a written agreement with the Ohio & Big Sandy Land Association whereby they agreed to convey to the association, its successors or assigns, in consideration of the payment of two dollars per acre, "all the coal, mineral and mineral products, all salt minerals and salt water, fire and potter's clay, all iron and iron ore, all stone," and such of the standing timber upon the land as might be necessary for the mining and marketing of such mineral substances. The contract was acknowledged on the day of its execution, and was recorded in the office of the county court clerk of the county on November 25, 1901.

The consideration was paid in due time, and the Ohio & Big Sandy Land Association assigned all of its rights in the contract to the Northern Coal & Coke Company, to whom Daugherty and wife, on the 20th day of November, 1902, executed a deed for all of the property mentioned in the contract between the grantors and the land association of date November 13, 1901. It is expressly stated in the deed that it is executed for the purpose of carrying out and complying with that contract. The deed to the Northern Coal & Coke Company was recorded in the county court clerk's office on December 12, 1902.

On April 25, 1907, the Northern Coal & Coke Company sold and conveyed all of the property covered by its deed to the Mason Coal & Coke Company, a separate and distinct corporation. At the time of the purchase by the latter company there was included in the deed executed to it the minerals and mining privileges in and to other lands, totaling 40,000 acres, and for which it agreed to pay the sum of $275,000.00, $50,000.00 of which was paid in cash and negotiable notes executed for the deferred payments, which, under the proof in this case, were negotiated before maturity by the Northern Coal & Coke Company to various banks and other bona fide purchasers.

The suit was brought by D. J. Daugherty on October 9, 1908, against the Northern Coal & Coke Company, seeking to cancel the deed executed to it on November 20, 1902, upon the ground, as alleged, that plaintiff was

induced to execute it through fraud and misrepresentation of the agents of the Northern Coal & Coke Company at the time it was procured; that the deed was thus made to include other properties, minerals or mineral rights than the coal under the land, when in truth the intention of plaintiff was to convey only the coal under the land and none of the other property included in the deed. The alternative part of the prayer of the petition is that if the deed could not be cancelled as an entirety that it be done so, as to all the property conveyed by it except the coal.

The answer of the defendant, Northern Coal & Coke Company, disclosed the fact of the sale of the property by it to the Mason Coal & Coke Company, whereupon the latter company was made a defendant, and it answered, denying the allegations of the petition, and, among other things, relied upon the two defenses: (a) that it was an innocent and bona fide purchaser for value, and without notice of any of the matters alleged in the petition; and, (b) pleaded the five-year statute of limitations.

Upon the filing of that answer, plaintiff filed an amended petition against the Northern Coal & Coke Company reiterating the allegations of his former pleadings as to the fraud and deceit practiced upon him, and further charging that the rights and property which the deed did attempt to convey over and beyond the coal were worth at least ten dollars per acre, and that if the court should adjudge that the Mason Coal & Coke Company was an innocent purchaser, plaintiff then asked judgment against the Northern Coal & Coke Company, because of its fraud and deceit in procuring the deed, in the sum of ten dollars per acre, or a total of $2,460.00. No summons was issued against the Northern Coal & Coke Company upon this amended petition. Proof was taken, and upon submission of the cause the petition was dismissed as to the Mason Coal & Coke Company, and in the judgment this recitation is made cerning the Northern Coal & Coke Company:

"The plaintiff moved the court to take the allegations of the amended petition as true as against Northern Coal & Coke Co., and the court overruled the motion to take allegations of amended petition as true and plaintiff excepts, and to the above judgment, and to all

of which plaintiff objects and excepts and prays an appeal to the Court of Appeals, which is granted.

"The court is of the opinion that the Northern Coal & Coke Company is not before the court on the amended petition and that a summons is required on said amendment."

To reverse the judgment as to both the defendants, this appeal is prosecuted by the heirs of D. J. Daugherty, in whose names the case had been revived because of his death before the trial.

If the fraud and deceit complained of were established (which we do not determine), the plaintiffs would be entitled to judgment were it not for the following reasons:

First. In an amended petition filed on December 9, 1914, and after the case had been revived, there is contained these allegations:

"They say that they did not sell nor was it intended to convey the aforementioned substances, but only the coal in and under the said 246 acres of land. That they did not understand or have any knowledge that the conveyance included anything only the coal, and they believed that said conveyance only included the coal, and they did not sell any part of the land only the coal; and that the $2.00 per acre only represented a consideration for the coal and not the other parts of the land, as set out herein, and as mentioned as sold and conveyed. *That they did not discover this fact until said deed was placed to record in the Pike County Court Clerk's office.*"

The italicised portion expressly states that the fact rendering the deed fraudulent, which is that it contained property and privileges not intended to be conveyed, was discovered when the deed was placed to record in the Pike county court clerk's office. We have seen in a former part of this opinion that this was done on December 12, 1902, which was five years, nine months and twenty-seven days before the filing of the suit, during all of which time the facts constituting the cause of action were known, and the right to bring it accrued from the date such knowledge was obtained. We are not called upon, therefore, to determine whether ordinary diligence required plaintiffs, or their father, to take notice of the contents of the deed after it was recorded, because their pleadings show actual notice for a period of more than five years immediately preceding

the filing of the suit, and under the provisions of section 2515 of the Kentucky Statutes the action is barred.

Second. It is conclusively shown that the defendant, Mason Coal & Coke Company, is a bona fide purchaser without notice of the alleged fraud or deceit. It is true that at the time it was made a defendant some of the deferred payments had not been made, but they were evidenced by negotiable notes which had been transferred in the due course of business to innocent holders, and this in law is a payment sufficient to protect such bona fide purchasers without notice from and after the notes representing the deferred payments are negotiated. This is the correct principle, as is stated in Pomeroy's Equity Jurisprudence, section 751, thus:

"Payment (by the purchaser) of actual cash, however, is not indispensable. The assumption of an irrevocable obligation, from which the purchaser could not be relieved even by a failure of the consideration arising from the title being invalid may be sufficient. The absolute transfer of notes, bonds and other securities made by a third person will have the same effect." In the notes are cited numerous cases from many courts substantiating the text.

In 39 Cyc. 1703, the same doctrine is recognized when it is said:

"As (when payment is sufficient) where the notes have been negotiated and transferred into the hands of an innocent purchaser for value."

Third. There is no attack made on the agreement executed on November 13, 1901, to convey the property, which agreement included the property which it is now claimed should have been omitted from the deed. Under that contract the second party thereto (Ohio & Big Sandy Land Association) or its assignee, the Northern Coke & Coal Company, could have compelled D. J. Daugherty and wife, by a suit for specific performance, to execute the deed which is attacked in this case. So far as this record is concerned, the deed attacked was but a compliance with the contract which is *not* attacked and which a court of equity would enforce in the suit for a specific performance, and manifestly that which equity will enforce, it will uphold, when executed by the parties and will refuse to cancel it in a suit brought for that purpose. The case would have been different if plaintiff's pleading had gone further and made the

same complaint as to the contract to convey, that it made with reference to the subsequent deed. This, however, was not done.

Fourth. There is no allegation in the petition, nor in any of the amendments thereto, that the land contained any of the minerals or property charged to have been wrongfully inserted in the deed. Pleadings are taken most strongly against the pleader, and the facts necessary to constitute the wrong complained of will never be presumed, but must always be made to appear by the party complaining, under the forms of pleading of the *lex fori*. If there were no property of the character alleged to be wrongfully included in the deed, there has been no wrong committed entitling plaintiffs to any character of relief. There is none such shown either by the pleading or proof in the case. It results, therefore, for the four reasons assigned, that the court did not err in dismissing the petition as to the defendant, Mason Coal & Coke Company.

The first, third and fourth reasons justifying the judgment as to the Mason Coal & Coke Company would have authorized one in favor of the Northern Coal & Coke Company had the case as to it been tried on its merits and finally disposed of. The court rendered no final judgment either in its favor, or against it in favor of plaintiffs. This was because the court could not cancel the deed as against it under the prayer of the original petition, since it had parted with the title, and according to the court's view it could not render a personal judgment against it under the allegations of the amended petition to which we have referred. This was because, as held by the court, the amended petition was a departure from the original pleading of plaintiff, and an entirely different relief was sought by it, and the defendant, in the absence of entering its appearance, should have been served with process. The court was clearly correct, since the original petition did not ask any money judgment for fraud or deceit, but only the cancellation of the deed, whilst the amendment sought a personal judgment for money because of the tort committed. The departure of the amendment from the original petition could scarcely have been greater, and the court did not err in refusing to sustain the motion to take the amendment for confessed. It did all it could do, viz.: to decline to take the amendment for confessed,

and to hold that the defendant was not before the court as to the amendment. Its ruling in this particular is not a final order from which an appeal may be prosecuted.

Wherefore, the judgment is affirmed.