## Arnett v. Elkhorn Coal Corporation.

(Decided May 31, 1921.)

## Appeal from Magoffin Circuit Court.

1. Pleading—Exhibits—Demurrer.—When a general demurrer to a petition is under consideration, the court can only look to the averments of the petition, and the exhibits filed as a part of it.

2. Quieting Title—Pleading.—In an action to quiet title to land under section 11, Ky. Stats., the plaintiff to state a cause of action, must allege facts, which show, that he is the owner of the land with a legal title, and in its actual possession, and that the defendant is asserting a claim to it, which is hostile to plaintiff's title.

3. Quieting Title—Pleading.—In an action to quiet title, if the plain- · tiff undertakes to set out his title in his petition, and, also, the title under which the defendant claims, he must allege facts, which show, that his title is superior to that of the defendant, or else it will be concluded, that the title of the defendant is superior, under the rule that a pleading must be construed most strongly against the pleader.

4 Deeds—Exception in Deed.—An exception in a deed may be made of a portion of the thing granted, which the grantor does not convey, or the exception may be made of a portion of the thing granted, which is already the property of another.

AUGUSTUS ARNETT for appellant.

E. W. PENDLETON, A. W. YOUNG, E. C. O'REAR and W. G. DEARING for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Affirming.

The appellant, as the plaintiff below, by his petition in equity against the appellee, as defendant, averred that he was the owner with a legal title thereto, and in the actual possession of a tract of land, which was described, in Magoffin county, and that he purchased the land from one Lewis Hoskins and wife, and came into its possession and ownership through a deed made by Hoskins and wife. He further averred that the defendant was setting up claim to ownership of the oils and gases in the land, and thereby casting a cloud upon his title to his injury and damage. He filed with his petition a deed from Lewis Hoskins and wife to the Northern Coal & Coke Co., dated September 11, 1903, which he averred was the basis of the defendant's claim of title. His prayer was for a judgment quieting his title to the land, and requir-

ing the defendant to release all of its claims thereto, and for a recovery of damages against the defendant. The foregoing constituted all the averments of the petition, and the deed from Hoskins and wife to the Northern Coal & Coke Co. was the only exhibit filed with or made a part of the petition.

The defendant interposed a general demurrer to the petition which was sustained, and the plaintiff electing to stand upon his petition, and declining to amend it, the court adjudged that it be dismissed, and from the judgment the plaintiff has appealed, and the only question before this court is whether the petition stated facts sufficient to constitute a cause of action in behalf of the plaintiff.

At the outset, it is proper to say, that upon a demurrer to the sufficiency of the petition, the court is not authorized to look to or to consider anything, except the allegations of the petition, and the exhibits filed with and made a part of it.   In the instant case there were exhibits on file as evidence, and otherwise, which were not any part of the petition, and cannot be considered upon the question presented, although it seems that the trial court took into consideration these exhibits. If the plaintiff had been content to have averred that he was the owner of the land, and in its actual possession, and that the defendant was wrongfully claiming to be the owner of the oil and gases therein which were a portion of the land, and to have designated the nature of the defendant's claim, as nearly as it was practical to do without describing its chain of title, but so as to show that the claim of ownership by defendant was hostile and adverse to his title, a sufficient cause of action would have been stated under section 11, Ky. Stats.   Kincaid v. McGowan, 88 Ky. 91; Campbell v. Disney, 93 Ky. 41; Whipple v. Earich, 93 Ky. 121; Magowan v. Branham, 95 Ky. 581; Williams v. Lowe, 175 Ky. 369; Brown v. Ward, 32 K. L. R. 261; Henderson v. Clark, 163 Ky. 192; Hall v. Pratt, 142 Ky. 561; Cumberland Co. v. Kelley, 156 Ky. 397; Perry v. Eagle Coal Co., 171 Ky. 824.   The plaintiff, however, went further and averred how he became the owner of the land, which he did by purchasing it from Lewis Hoskins and wife, and accepting a deed of conveyance from them for the land, which he had caused to be recorded. · He thereby averred that his source of title emanated from the deed made to him by Hoskins and

wife, but, he did not file with his petition the deed nor allege the date thereof. He, also, undertook to state the source of the defendant's claim of title, and filed with his petition, as a part of it, a deed of conveyance from Lewis Hoskins and wife to the Northern Coal & Coke Co., which he alleged was the basis of defendant's claim to the oil and gases, and this deed shows that Hoskins and wife sold and conveyed the oil and gases in the land to the Northern Coal & Coke Co. on the 11th day of September, 1903. While it was not necessary to his cause of action, that he should have alleged from whom or in the manner which he acquired title to the lands, nor to have alleged that his vendor had conveyed the oil and gases to another under whom the defendant claimed title, but having undertaken to set out his own and the defendant's claim of title showing that they claimed under a common vendor and that such vendor had conveyed the oil and gases to the predecessor in title of the defendants, it was necessary for him to make averments showing that his title was superior to that of the defendant by alleging that the conveyance to him from Hoskins was prior, and therefore superior to the conveyance from Hoskins to defendant's vendor, and having failed to do so, the court construing the pleading more strongly against the pleader, according to the well settled rule, was compelled to conclude that the conveyance from Hoskins to the defendant's vendor was prior to the conveyance from Hoskins to plaintiff, and that Hoskins had thus parted with title to the oil and gases in the land, and had no title thereto when he conveyed the land to plaintiff. The facts necessary to constitute a cause of action for a wrong of the defendant must be alleged and will not be presumed. Reid v. Lytle, 150 Ky. 304; Daugherty v. Northern Coal and Coke Co., 174 Ky. 423; Samuels v. Louisville Ry. Co., 151 Ky. 90; Johnson v. York Coal & Coke Co., 182 Ky. 302. The terms of the deed from Hoskins to the Northern Coal & Coke Co., shows that it was not a mere license granted to it to take oil and gases from the land, but, amounted to a separation of the oils and gases from the remaining portions of the land, and a conveyance in fee simple of the portions of the land consisting of them to the vendee in the deed. After the granting and habendum clauses in the deed, an exception appears in the following language, viz.:

"It is understood that there is an oil and gas lease on this land, and the same is excepted from this conveyance." The language of this exception could only mean what it says, and that is there was then in existence a lease in the ordinarily accepted meaning of the term, upon the land, which authorized some one to operate on the land and to take therefrom oil and gas, and to pay the lessor or the owner holding the rights of the lessor, a royalty proportioned to the quantity taken, and that Hoskins was excepting the rights and benefits under this lease for the lessor and lessee in the lease, or for the benefit of their transferees. It will be observed that Hoskins does not indicate by the language of the deed that he held any interest whatever in the lease as would be inferred, if it was a reservation instead of an exception. An exception in a deed is intended to describe some part of the thing granted, which the grantor retains title to and does not convey, or something to which another holds title already and which is not intended to be conveyed, and the exception may be for the benefit of the grantor himself, or it may be for the benefit of another who already has acquired title to the portion of the thing, which is affected by the exception. The exception may be a description of a portion of the thing granted, which previously to the grant had been conveyed to another, and not necessarily so conveyed by the grantor, but by a prior grantor. Passing over the question which might arise as to the validity of the exception on account of its vagueness and uncertainty, there is nothing in the deed from Hoskins to the Northern Coal & Coke Co., from which it could be inferred that he was the owner at the time of the conveyance, of any beneficial interest in the lease, or that he owned same at the time that he conveyed the land to plaintiff, nor does plaintiff aver that he was the owner of any beneficial interest in the lease at the time of the institution of his action. The exception in the deed from Hoskins to the Northern Coal & Coke Co., of a lease relating to oil and gas upon the property, being an exception of the rights under the lease of the lessor and lessee, without anything indicating, that Hoskins had any interest therein, and there being no way of determining from the deed or the pleading, whether the exception was made, because Hoskins desired to retain the benefits of a lessor, in the lease for himself, or to protect himself against the consequences

of his conveyance of the oils and gases, with a warranty of title, to the vendee, because another was then the owner of the benefits, which might accrue to a lessor of the lease, and the petition failing to assert any right or interest in the lease, on the part of the plaintiff, it cannot be assumed, that he had any interest therein, or that his vendor ever had any. The plaintiff failing to show that any wrong was done him by defendant, the court was not in error, in having sustained the demurrer.

The judgment is therefore affirmed.