## KLEIN et al. v. HUMBLE OIL & REFIN-ING CO.

### No. 2333.

Court of Civil Appeals of Texas. Beaumont.
Jan. 6, 1934.

Rehearing Denied Feb. 7, 1934.

Lewright & Lewright and Gaines, Gaines & Roberts, all of San Antonio, Phillips & Phillips, of Dallas, and J. B. Dibrell, H. M. Wurzbach, and P. E. Campbell, all of Seguin, for appellants.

J. Q. Weatherly and K. W. Gilmore, both of Houston, and Wirtz & Weinert, of Seguin, for appellee.

O'QUINN, Justice.

May 29, 1928, Robert Stein and wife were the owners of a certain 60 acres of land, a part of the Jacob Darst survey, in Guadalupe county, Tex. On that date they conveyed said 60 acres of land to F. F. Klein by warranty deed. The deed, after describing the 60 acres by metes and bounds, contained the following special provision:

"Grantors herein, however, reserve for themselves, their heirs and assigns, one-eighth (1/8) of all mineral rights in and under Ten (10) acres of land, running north and south, on the east end of the 60 acres herein conveyed, and it is understood and agreed that if no production of oil is had on said Ten (10) acres within a period of Twenty (20) years, this reservation shall terminate and become null and void, and it is further understood that grantors herein are not to participate in any oil lease or rental bonuses that may be paid on any lease on said above described land, and hereby waive any rights they may have or be entitled to in any future oil or gas lease."

July 16, 1928, F. F. Klein and wife, by general warranty deed, conveyed the said 60 acres of land to D. D. Baker, describing same by metes and bounds, as in the deed from Stein and wife to Klein, which deed contained the following special provision:

"There is however excepted from this conveyance 1/8 of all mineral rights in and under Ten acres of land running north and south on the east end of said 60 acres, and it is understood that if no production of oil is had on said 10 acres within a period of Twenty years from May 29, 1928, then this reservation shall lapse. Also understood that the owner of said rights is not to participate in any oil lease or rental bonuses that may be paid for any lease, and have no interest in any future oil and gas lease."

"The property herein conveyed is the same conveyed to us by Robert Stein and wife by deed dated May 29, 1928, and recorded in Guadalupe County, Deed Record Book 97, p. 398."

July 24, 1928, D. D. Baker executed and delivered to H. H. Weinert an oil and gas lease covering the 60 acres of land describing same by metes and bounds as described in the deed from Stein to Klein, and Klein to Baker, said lease being on the regular 88 form, and containing a general warranty clause. February 6, 1929, Weinert assigned this lease to the Humble Oil & Refining Company, which will hereinafter be referred to as Humble Company.

Thereafter, Stein by deeds conveyed to Baker 13/16ths of the 1/8th of the minerals reserved in the deed from himself to Klein. Stein also sold small interests in said 1/8th to others, and Baker made a number of conveyances.

The Humble Company took possession of said 60 acres of land and made developments

on the east 10 acres, discovering oil in paying quantities. After oil was discovered, Klein claiming to have reserved for himself 1/8th of the mineral rights in said east 10 acres, executed conveyances to the other plaintiffs who join him in the suit.

The Humble Company refused to recognize Klein's claim to any interest in the mineral rights in said 10 acres, and Klein and the other parties plaintiff, to whom he had executed conveyances of portions of the interest claimed by him, brought this suit against the Humble Company to recover the value of 1/8th of all the oil said company had produced from the said 10 acres, and 1/8th of the value of all oil thereafter produced therefrom.

The Humble Company answered by plea of not guilty, general denial, and specially denied that the plaintiffs had any interest in the mineral rights in the east 10 acres of said 60-acre tract of land. By bill of interpleader said company brought into the suit as cross-defendants, D. D. Baker, Robert Stein, and all the record owners of any interest in the minerals in the entire 60 acres of land, alleging them to be necessary parties, and asked that all their respective rights be determined by the suit. Baker, Stein, and the other defendants impleaded by the Humble Company filed appropriate answers. Supplemental pleadings were filed by all parties.

The case was tried to the court without a jury, and judgment rendered denying any recovery to plaintiffs F. F. Klein et al., and decreeing to the Humble Company all of the leasehold rights, title, and interest in and to all of the minerals in the entire 60 acres of land, subject only to the payment of a 1/8th royalty to the parties in the various interests set out in the judgment. The judgment awarded to Baker a 2/64ths interest in the minerals in the 10 acres in question, and denied him any recovery by his cross-action against the Humble Company. From this judgment, the plaintiffs H. H. Klein, Roy Campbell, Jake K. Harmon, O. L. Witherspoon, and C. M. Gaines, and the cross-defendant D. D. Baker have appealed.

It will be observed from the judgment that the ownership of the minerals in the whole 60-acre tract was involved in this suit, and was determined by the judgment. However, there is no controversy in regard to the findings and holdings of the trial court with respect to any of the acreage except the east 10 acres of the tract; so the judgment as it relates to the remaining 50 acres is of no importance on this appeal. The whole contest here is as to the ownership of the mineral rights in the east 10 acres of said 60-acre tract.

That Stein and wife reserved to themselves and were the owners of 1/8th of the minerals in the east 10 acres of the 60-acre tract, is admitted by all the other parties.

Klein insists that in his deed to Baker he excepted for himself 1/8th of all the minerals in the east 10 acres of land described in the conveyance, and that the deed and said exception are without ambiguity, and that judgment should have been for him for said 1/8th of the minerals in said 10 acres.

The deed from Klein and wife to Baker reads:

"The State of Texas, County of Guadalupe

"Know all men by these presents: That we, F. F. Klein and wife Mrs. Della Klein of the County of Guadalupe State of Texas, for and in consideration of the sum of Ten Dollars and other valuable considerations to us in hand paid by D. D. Baker in cash or its equivalent, the receipt of which is hereby acknowledged, have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said D. D. Baker of the County of Guadalupe State of Texas all that certain tract and parcel of land situated in Guadalupe County, Texas, containing 60 acres of land, out of the Jacob Darst 24 Labor Survey, particularly described as beginning at the S. E. corner of 400 acres conveyed to Houston Wilson by Henry Campbell, a stone set in the ground from which a hickory 12" in dia. brs S. 29½ w. 13-1/3 vrs. Thence with the East line of said 400 acres, N. 5 deg. E. 476 varas to stake from which a P. O. 12" dia. brs. S. 11 w 11 vrs; Thence N. 85 W. on a line parallel with the south line of said 400 acres, 711½ vrs. to stone in ground for corner; Thence S. 5 deg W. 476 varas to stone in S. line of said 400 acres; Thence S. 85 E. 711½ vs. to the place of beginning, containing 60 acres.

"There is however excepted from this conveyance 1/8th of all mineral rights in and under ten acres of land running north and south on the east end of said 60 acres, and it is understood that if no production of oil is had on said 10 acres within a period of twenty years from May 29, 1928, then this reservation shall lapse. Also understood that the owner of said rights is not to participate in any oil lease or rental bonuses that may be paid for any lease, and have no interest in any future oil and gas lease.

"The property herein conveyed is the same conveyed to us by Robt. Stein and wife by

deed dated May 29th, 1928, and recorded in Guadalupe County deed record book 97 p. 398.

"Taxes for the year 1928 are to be paid by grantors hereof.

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said D. D. Baker, and his heirs and assigns forever and we do hereby bind ourselves and our heirs, executors and administrators, to Warrant and Forever Defend, all and singular the said premises unto the said D. D. Baker and his heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

"Witness our hands at Seguin, Texas, this 16th day of July, 1928.

"F. F. Klein
"Della Klein."

Appellants say that by this deed Klein and wife reserved unto themselves 1/8th of the minerals in the east 10 acres, and this without regard to what interest they may have owned at the time the deed was executed or what interest may have been owned by others. The effect of this contention is that as Stein and wife reserved 1/8th, and Klein reserved 1/8th, the deed from Klein to Baker conveyed only 6/8ths of the minerals in said 10 acres.

The Humble Company denies this contention and says that the deed from Klein and wife to Baker, construed alone and without reference to any other deed, upon its face passed to Baker a fee-simple estate in the 60-acre tract, less 1/8th of the minerals in the east 10 acres. That the exception in the deed merely excluded from the grant and from Klein's warranty 1/8th of the mineral rights in the east 10 acres. In other words, that the deed from Klein and wife to Baker conveyed to Baker all the interest they had in the property, and that the exception was to exclude from the conveyance only the 1/8th of the minerals reserved by Stein and wife in their deed to Klein, and that Klein's exception was to protect only his warranty as against the Stein 1/8th reservation.

The trial court sustained this contention, and we think this holding is correct. The Klein deed, upon its face, we think, unquestionably passed title to Baker to all the minerals in the west 50 acres of the land described, and 7/8ths of the minerals in the east 10 acres. The correctness of this holding depends upon the construction of the Klein deed. The cardinal rule for the construction of deeds is to ascertain the intention of the parties as expressed in the deed. 14 Tex. Jur. 910, § 132, and authorities cited. In ascertaining this intention all the provisions of the deed are to be considered. The intention is not to be gotten from an isolated clause or paragraph, but must be gathered from a fair construction of the entire instrument. Each clause or paragraph must be construed with reference to every other paragraph, and the effect of one paragraph upon the other determined. 14 Tex. Jur., § 140, p. 919, and cases cited. In case of doubt the language of the deed, being the language of the grantor, is to be construed against the grantor and in favor of the grantee. 14 Tex. Jur. p. 916, § 138, and cases cited. And a deed will be construed as passing a fee-simple estate, if a less estate be not expressly limited by express words. Article 1291, R. S. 1925; 14 Tex. Jur. § 151, p. 930; also section 155, p. 933.

In the Klein deed to Baker, the granting clause described the property conveyed as "all that certain tract and parcel of land situated in Guadalupe County, Texas, containing 60 acres of land," and then described same by metes and bounds. Considered alone and without reference to the exception, it cannot be said that the granting clause purports to convey less than a fee-simple title to the 60-acre tract. The exception clause recites:

"There is however excepted from this conveyance 1/8th of all mineral rights in and under Ten acres of land running north and south on the east end of said 60 acres."

The words "this conveyance" can refer only to the granting clause for that is the only clause conveying or purporting to convey anything. Since the granting clause purports to convey "all that certain tract of land," the described 60 acres, it follows that the exception is to be deducted from the whole, and the exception being 1/8th of the minerals in the east 10 acres, deducting this the deed passed a fee-simple estate in all of the 60 acres except 1/8th of the minerals in the east 10 acres. The deed being a general warranty deed, it follows that the warranty covered all of the 60 acres except the 1/8th of the minerals in the east 10 acres, as to which there was no warranty. This construction, we think, must result from a consideration of the express terms of the deed, as well as from the application of the statutory rule that a fee-simple estate passes by a deed if a less estate be not limited by express words.

■ Moreover, Klein's deed does not recite that the exception of 1/8th of the minerals in the east 10 acres is for *his benefit*. It does not recite that there is reserved *unto himself* 1/8th of the minerals in the east 10 acres. The deed does not say for *whose* benefit the exception is made. He merely says that there "is excepted" from the conveyance and warranty the 1/8th interest. While the words "exception" and "reservation" are often used indiscriminately, each has its own separate meaning, and in the construction of deeds containing such terms courts will not look upon the terms as synonymous, or attribute to the one the meaning of the other, unless from the face of the instrument it is apparent that by the use of one word the other was intended. 14 Tex. Jur. 958-960; Donnell v. Otts (Tex. Civ. App.) 230 S. W. 864. The primary distinction between a reservation and exception is that *a reservation must always be in favor of and for the benefit of the grantor*, whereas, an exception is a mere exclusion from the grant, in favor of the grantor only to the extent that such interest as is excepted may then be vested in the grantor, *and not outstanding in another*. Allen v. Henson, 186 Ky. 201, 217 S. W. 120; Arnett v. Elkhorn Coal Corp., 191 Ky. 706, 231 S. W. 219, 220; Reynolds v. McMan Oil & Gas Co. (Tex. Com. App.) 11 S.W.(2d) 778.

In Allen v. Henson, supra, the court said:

"Generally a 'reservation' in a deed is a clause whereby the grantor reserves to himself some new thing, either issuing out of or incident to the thing granted, while an 'exception' in a deed is a clause exempting from the operation of the deed and retaining in the grantor the title to some part of the thing granted, *or else excepting from the operation of the deed some part of the thing granted the title of which is at the time in another.*" (Italics ours.)

In the case of Arnett v. Elkhorn Coal Corp., supra, Lewis Hoskins and wife executed in favor of Arnett a general warranty deed to a tract of land, one paragraph of the deed providing:

"It is understood that there is an oil and gas lease on this land, and the same is excepted from this conveyance."

In discussing the effect of this exception, the court said:

"It will be observed that Hoskins does not indicate by the language of the deed that he held any interest whatever in the lease, as would be inferred, if it was a reservation instead of an exception. An exception in a deed is intended to describe some part of the thing granted, which the grantor retains title to and does not convey, *or something to which another holds title already and which is not intended to be conveyed*, and the exception may be for the benefit of the grantor himself, or *it may be for the benefit of another who already has acquired title to the portion of the thing, which is affected by the exception.* The exception may be a description of a portion of the thing granted, *which previously to the grant had been conveyed to another*, and not necessarily so conveyed by the grantor, *but by a prior grantor.* * * * (Italics ours.)

"The exception, in the deed from Hoskins to the Northern Coal & Coke Company, of a lease relating to oil and gas upon the property, being an exception of the rights under the lease of the lessor and lessee, without anything indicating that Hoskins had any interest therein, and there being no way of determining from the deed or the pleading whether the exception was made because Hoskins desired to retain the benefit of a lessor in the lease for himself, or to protect himself against the consequences of his conveyance of the oils and gases, with a warranty of title, to the vendee, because another was then the owner of the benefits, which might accrue to a lessor of the lease, and the petition failing to assert any right or interest in the lease, on the part of the plaintiff, it cannot be assumed that he had any interest therein. * * *"

We agree with appellants Klein et al., that the deed from Klein and wife to Baker and its exception, is clear and unambiguous, hence our holding above. We think that said instrument plainly shows that it was not the intention of Klein to reserve or except for himself an interest of 1/8th of the mineral rights in the east 10 acres of the land. The deed clearly purports to convey the whole 60 acres excepting only 1/8th of the minerals in the east 10 acres. The exception does not say that the 1/8th was for himself, or for any one—just a general exception from the "conveyance." Unquestionably the "conveyance" referred to was the deed Klein was then executing to Baker. This deed conveyed "all" of the 60 acres except 1/8th of the minerals in the east 10 acres. The 60-acre tract was described by metes and bounds, and this was followed, after the exception, by the statement that "the property herein conveyed is the same property conveyed to us by Robt. Stein and wife by deed dated May 29, 1928, and recorded in Guadalupe County deed records, book 97, p. 398." The property con-

veyed by Stein and wife to Klein was all of the 60 acres, less 1/8th of the minerals in the east 10 acres of the 60-acre tract. The deed from Klein and wife to Baker conveyed "all" of the 60 acres, less 1/8th of the minerals in the east 10 acres of the 60-acre tract—the identical property conveyed by Stein to Klein, and so stated in the Klein deed to Baker.

Nothing was said in the Klein deed to Baker about the 1/8th that Stein had reserved, but we think other statements in the Klein exception show that Klein was by his exception protecting and intended to protect only the Stein 1/8th. Compare the provisions of the Stein reservation and the Klein exception.

The Stein reservation:

"Grantors herein however, *reserve for themselves*, their heirs and assigns, one-eighth (1/8) of all mineral rights in and under Ten (10) acres of land, running north and south, on the east end of the 60 acres herein conveyed, and it is understood and agreed that if no production of oil is had on said 10 acres within a period of *Twenty years*, this reservation shall terminate and become null and void, and it is further understood that *grantors herein* are not to participate in any oil lease or rental bonuses that may be paid on any lease on said above described land, and hereby waive any rights they may have or be entitled to in any future oil and gas lease." (Italics ours.)

The Klein exception:

"There is however excepted from this conveyance 1/8th of all mineral rights in and under ten acres of land running north and south on the east end of said 60 acres, and it is understood that if no production of oil is had on said 10 acres within a period of Twenty years from May 29, 1928, then this reservation shall lapse. Also understood that the *owner of said rights* is not to participate in any oil lease or rental bonuses that may be paid for any lease, and have no interest in any future oil and gas lease." (Italics ours.)

The Stein reservation was 1/8th for themselves. The Klein exception was not in favor of any named one—merely that 1/8th of the minerals in the east 10 acres was excepted from "this conveyance," meaning Klein's deed to Baker. But as further showing that the exception in Klein's deed was to protect Stein's reservation and Klein's warranty, the exception says that it was "understood that if no oil is had on said 10 acres within a period of Twenty years from May 29, 1928, then this reservation shall lapse." Klein's deed to Baker was dated July 16, 1928, but Stein's deed to Klein was dated May 29, 1928. The twenty years in which oil must be developed on the 10 acres was dated from the date of the Stein deed to Klein, not from the date of his, Klein's, deed to Baker.

The Stein deed to Klein recited that it was also understood that "grantors herein" (the Steins) were not to participate in any oil lease or rental bonuses that might be paid for any lease on the land. Klein's exception recites that it was understood that "*the owner of said rights*" was not to participate in any oil lease or rental bonuses that might be paid for any lease. Is it not reasonable to say that the exception of 1/8th of the minerals in the east 10 acres, and the reference to May 29, 1928, the date of the Stein deed to Klein, and the expression "*the owner of said rights*" in the Klein deed were intended to and had reference to the Stein reservation and for the protection of same, and of Klein's warranty to Baker? The wording of reservations and exceptions in conveyances is not difficult. If Klein was in fact excepting 1/8th of the minerals in the said 10 acres, why did he now say that the exception was for himself? If the Kleins were waiving the right to participate in any oil lease or bonuses paid for a lease on the grant, why not use the words "grantors herein," as did the Steins, instead of referring to the "owner of said rights" who was in no way designated?

That the exception was for the benefit of the grantors, Klein and wife, and was to create an independent 1/8th interest in the minerals in the east 10 acres to which they retained the title, is bound, at best, to rest only in implication. This must be true, since the provision nowhere in terms purports to say that the "exception" was for them or that the interest excepted was to be theirs. There is nothing in the language of the exception itself which requires that construction. Under the language of the provision it is, at most, only a possible construction. And under the language itself it is just as possible to fairly construe the "exception" as referring to the Stein interest, which was not being conveyed. With this being true, if there is doubt as to the making of the exception, this doubt must be resolved against the grantors, and in favor of the grantee Baker, that the exception was but to preserve and protect the Stein reservation and Klein's warranty. Baker v. McDowell, 3 Watts & S. (Pa.) 358; Harris v. Cobb, 49 W. Va. 350, 38 S. E. 559; Hill v. Roberts (Tex.

Civ. App.) 284 S. W. 246; Hooks v. Neill (Tex. Civ. App.) 21 S.W.(2d) 532.

The case of Harris v. Cobb, cited supra, was very similar to the instant case both as to the facts and questions of law involved. Appellee says that it is not authority for the holding for which it is cited, because, it says, it has been overruled by the court that rendered it (the Supreme Court of West Virginia), in the case of Kilcoyne v. Southern Oil Company, 61 W. Va. 538, 56 S. E. 888. It is a sufficient answer to say that the principles it announced are the law in Texas. Long after the Kilcoyne decision, in discussing the very question involved, the Galveston Court of Civil Appeals, in the case of Hooks v. Neill, 21 S.W.(2d) 532, cited and quoted from the Harris v. Cobb Case, approving its holding, and the Supreme Court approved that holding by refusing a writ of error. Furthermore, we think that, if any possible question can be said to exist as to the true construction to be given to the exception provision, as tested by the language of the exception itself, it is set at rest by the very next clause following the exception. It identifies the property conveyed by the deed as "the same conveyed to us (Klein and wife) by Robert Stein and wife by deed dated May 29, 1928, and recorded in Guadalupe County, deed record, book 97, page 398." The mentioned deed with reference to the record of it, under which the Kleins acquired their title and which identified as the property conveyed thereby to them, the land and every interest in the land, save and except only the 1/8th mineral estate in the east 10 acres reserved by the Steins for themselves. This clause cannot be written out of the deed. It is an essential part of it, as much so as the exception provision itself. It identifies just what the Kleins were conveying to Baker. It may and should be looked to in ascertaining the intention of the instrument.

. Under the purchase from Stein the Kleins owned the surface rights in the whole of the 60-acre tract, and all of the mineral estate in the west 50 acres, and 7/8ths of the mineral estate in the east 10 acres. They had the right in their conveyance to Baker to reserve for themselves any part of their estate in the east 10 acres, or even the whole of it. The fact that the Kleins had this right emphasizes the failure by any apt language in their deed to Baker to express or indicate its exercise. If their purpose had been to reserve a 1/8th of the minerals that they owned in the east 10 acres for themselves, we think they would have made such intent an express feature of the reservation provision.

The deed, we think, in apt words, excepted from its effect only the 1/8th reserved by Stein.

Without discussing them, we will say that we have carefully examined each of the cases cited to us by appellants as sustaining their contention that Klein reserved for himself 1/8th of all the minerals in the east 10 acres in controversy, and that we do not think any of them have application to the facts of the instant case. The facts in the cases cited by appellants materially differ from the facts in the instant case in that in each of the cited cases the reservation was expressly in favor of the grantors, and there was no general warranty of title. The exception here was not in favor of the grantors, and the deed contained a general warranty.

■■ We overrule appellants' contention that the deed from Stein and wife to Klein was not admissible in evidence, and that its admittance was reversible error. We think that what we have said relative to the exception in the Klein deed to Baker disposes of this contention, but if it can be said that the meaning of said exception is doubtful, then the Stein deed was admissible because it was referred to in the Klein deed and thus became a part thereof to the extent necessary to clarify the provisions of the Klein deed. That one instrument may by reference incorporate another, and that the Stein deed was in such manner incorporated in the Klein deed to the extent necessary to clarify the latter, we think beyond cavil. 8 R. C. L. 1078 et seq; 18 C. J. 281, 282; Devlin on Real Estate (3d Ed.) vol. 2, § 1020, p. 1952 et seq. We think, too, that the Stein deed was admissible because the pleadings and the evidence show that Stein, the grantor therein, was the common source of title and appellee was entitled to introduce such deed for the purpose of connecting itself with the common source of title, and for the purpose of showing that there was an outstanding title in another than appellants to the 1/8th of the minerals in the east 10 acres excepted in the Klein deed.

■ We come now to the contest between appellee and appellant Baker. As before stated appellant Baker executed to H. H. Weinert an oil and gas lease on the 60 acres of land in question which Weinert assigned to the Humble Company. Tersely stated these are the contentions: It is contended by Baker that in said lease *he reserved for himself* a 1/8th interest in all the minerals *that he owned* in the entire 60 acres. He owned all the minerals in the west 50 acres, and 7/8ths of the minerals in the east 10 acres. So, he,

says, he reserved for himself 1/8th of the minerals in the west 50 acres, and 1/8th of 7/8ths, or 7/64ths, of the minerals in the east 10 acres. This appellee denies and insists that under the terms of the lease a royalty of only 1/8th was to be paid as to the east 10 acres, and that 1/8th was reserved by Stein. In other words that it was liable to pay only 1/8th royalty in the minerals in the east 10 acres—that neither Klein nor Baker had reserved for themselves any portion of the minerals in the said 10 acres.

Baker's lease to Weinert, assigned by Weinert to the Humble Company, was on the regular 88 form. Among its other provisions were:

"1. Lessor, in consideration of the sum of Ninety and no one hundred dollars ($90.00) in hand, of the royalties herein provided and the agreements of lessee herein contained, hereby grants, leases and lets exclusively unto lessee for the purpose of prospecting and drilling for and producing oil and gas, laying pipelines, building tanks, storing oil and building power stations, telephone lines and other structures thereon, to produce, save, take care of, treat and transport said products, the following described land in Guadalupe County, State of Texas, to-wit: all of a tract of 60 acres out of the Jacob Darst 24 Labor Survey, beginning (then follows the field notes). Excepting 8/10ths of an acre conveyed by Frank Wilson and wife to Guadalupe County by a deed of record in deed book 48, pages 114–5, this being the same land conveyed to me by F. F. Klein by a deed of record in deed book 98, page 401–2."

"3. The *royalties reserved by lessor*, and which shall be paid by lessee, are (a) on oil one-eighth of that produced and saved from the land, the same to be delivered at the wells or *to the credit of lessor* in the pipeline to which the wells may be connected, or, at the option of lessee, from time to time, the market price at the wells of such one-eighth on the day it is run to the pipeline or storage tanks, lessor's interest in either case to bear its proportion of any expense of treating unmerchantable oil to render it merchantable as crude, and (b) on gas produced from said land and sold or used off of the land or in the manufacture of gasoline, including casinghead gas, the market price at the well of one-eighth of the gas so sold or used, provided that if and when lessee shall sell gas at the wells *lessor's royalty* thereon shall be one-eighth of the amount realized from such sales."

We have underscored or italicized the words in the royalty provision of the lease, supra, showing the royalties to have been reserved by Baker for himself as lessor. In a subsequent paragraph (10) of the lease, provision is made for *payment to the lessor* of a royalty on other minerals than oil and gas if they should be found in paying quantities, Baker, and Baker only, was the lessor. And in terms as plain as could be expressed, the lease stipulates that the 1/8th royalty payable under it shall be payable to Baker, the lessor.

We have held that Baker acquired from Klein all the minerals in the west 50 acres, and 7/8ths of the minerals in the east 10 acres of the 60-acre tract. As Baker owned only 7/8ths of the minerals in the east 10 acres, then, as respects said 10 acres, only that 7/8ths interest could be the subject-matter of the oil and gas lease granted to Weinert. We think that by the clear terms of the lease set out supra, Baker reserved for himself 1/8th of all the minerals that he owned in the 60 acres of land. That is 1/8th of the minerals in the west 50 acres, and 1/8th of 7/8ths, or 7/64ths of the minerals in the east 10 acres. Baker's lease to Weinert described the land covered by the lease as 60 acres, less 8/10ths of an acre which had been conveyed by a former owner, and recited that the land covered by the lease was the same land conveyed to Baker by Klein by deed recorded in the deed records of Guadalupe county, Tex., Book 98, pages 401 and 402. The rule is well settled that this reference to the Klein deed incorporated said deed into the lease and into the description of the property conveyed, and put Weinert and his assignee, the Humble Company, on notice that the land covered by the lease was the same Baker had acquired from Klein, and only that land. This reference informed them just what interest Klein conveyed to Baker. They accepted the lease with full knowledge, in law, of all facts disclosed by it and its references, which were a part thereof.

In Wallace v. Hoyt (Tex. Civ. App.) 225 S. W. 425, 429 (writ refused), Judge Key said:

"It is a well-settled rule that one is charged with knowledge of every fact disclosed by his chain of title, although he may never have read the instruments constituting that chain, and never had any actual knowledge of their contents."

He further said: "While the primary purpose of our registration statute may be to protect innocent purchasers for value, it is also intended to protect those whose rights are disclosed by the record."

In Loomis v. Cobb (Tex. Civ. App.) 159 S. W. 305, 307 (writ refused), it is said:

"It is a familiar and thoroughly well-settled principle of realty law that a purchaser has constructive notice of every matter connected with or affecting his estate which appears *by recital, reference, or otherwise* upon the face of any deed which forms an essential link in the chain of instruments through which he deraigns his title. The rationale of the rule is that any *description, recital of fact, or reference* to other documents puts the purchaser upon inquiry, and he is bound to follow up this inquiry, step by step, from one discovery to another and from one instrument to another, until the whole series of title deeds is exhausted and a complete knowledge of all the matters referred to and affecting the estate is obtained. Being thus put upon inquiry, the purchaser is presumed to have prosecuted it until its final result and with ultimate success." (Italics ours.)

Numerous authorities could be cited supporting the rule.

We think it should be said that since the deed from Stein to Klein reserved for Stein 1/8th of the minerals in the east 10 acres, and as the Klein deed to Baker referred to the Stein deed with its record, which incorporated it into the Klein deed, and as Baker's lease to Weinert referred to the Klein deed with its record, thus incorporating this deed, which by reference included the Stein deed, into the lease, that the Humble Company, which held the lease by assignment from Weinert, should be held to know exactly what estate Baker owned in the land and minerals, and exactly what estate his lease purported to and did convey, and that it took the lease with this knowledge, and cannot be heard to assert to the contrary. Polk v. Chaison, 72 Tex. 500, 10 S. W. 581; Caruth v. Grigsby, 57 Tex. 259.

Our holdings above dispose of the decisive questions in the case, and render unnecessary a discussion of the other questions presented.

From what we have said, it follows that that part of the judgment denying a recovery to appellants F. F. Klein et al. should be affirmed, and that portion of the judgment awarding appellant Baker judgment for 2/64ths of the oil produced from the east 10 acres of the land in question, being the net interest owned by him which he had acquired out of the Stein 1/8th interest in said 10 acres, should also be affirmed, and that portion of the judgment denying Baker any recovery on his cross-action for the 1/8th interest reserved by him in his lease as relating to the east 10 acres, should be reversed and here rendered in his favor, and that his total recovery as relating to said 10 acres should and is adjudged to be 1/8th of 7/8ths, or 7/64ths of the minerals in the said 10 acres, together with the 2/64ths before mentioned, totaling 9/64ths interest in all in said east 10 acres of land, and it is so ordered. And it appearing that there is an agreement in the record that up to April 1, 1931, there had been produced and saved from the said 10 acres of land, oil to the value of $616,982.79 it is here held and adjudged that Baker have judgment for 9/64ths of said sum, or $86,763.15, and that said Baker have judgment for 9/64ths of the value of all of the oil taken from said 10 acres of land since April 1, 1931, and that he be and is decreed the owner of 9/64ths of all oil, gas, and other minerals to be taken from the said 10 acres in the future, and it is so ordered. Affirmed in part and reversed and rendered in part.