### J. B. WATKINS V. N. E. TUCKER ET AL.

#### No. 7348.

1. **Mutual Mistake—Suit to Correct.**—In a suit to correct an alleged mistake in description of land conveyed in a deed of trust and a like mistake in a subsequent administrator's deed made in foreclosure, the court charged the jury, "that it was not sufficient for the plaintiff to prove by a preponderance of the evidence that a mutual mistake was made in the trust deed conveying the property, but he must prove this fact clearly and satisfactorily; and that prima facie the land described was the land actually intended to be conveyed, but this presumption could be overcome." There is no statement of facts. *Held:*

1. Abstractly considered the first paragraph of the charge would be error, but in absence of a statement of facts it can not be considered as injuring the appellant.

2.  The second paragraph only informs the jury that the burden of proof is upon the party seeking to correct the deed of trust.

2.  **Construction of Conveyance.**—The principle, that where a deed conveys a tract of land by description and then excepts a part of it the exception is void, does not apply where a deed conveyed two larger tracts which are described, and from both of them a less number of acres is excepted by metes and bounds.  In such case there is no repugnancy.

APPEAL from Limestone.  Tried below before Hon. RUFUS HARDY. No statement is necessary.

*Read, Greer & Greer*, for appellant.— 1.  A preponderance of evidence is all that is ever required in civil cases, and a charge that such is insufficient is error.  McBride v. Bangus, 65 Texas, 174; Sparks v. Dawson, 47 Texas, 144.

2.  When the intention of the contracting parties in executing a writing is the subject of inquiry and the basis of the suit, it is error for the court to charge the jury that prima facie the instrument of writing shows the intention, because such a charge is on the weight of evidence.

It is error to charge on the weight of evidence.  Rev. Stats., art. 1317; Railway v. Murphy, 46 Texas, 356; Sparks v. Dawson, 47 Texas, 138; Altgelt v. Brister, 57 Texas, 432; Railway v. Ormond, 62 Texas, 274; Railway v. Wright, 62 Texas, 515.

As to what is a charge on the weight of evidence:  Railway v. Murphy, 46 Texas, 366; Sparks v. Dawson, 47 Texas, 144; Railway v. Ormond, 62 Texas, 274; Dwyer v. Bassett, 63 Texas, 274.

3.  When a deed conveys a tract of land by description, and then excepts a part of the tract granted, the exception is void as repugnant to the grant, and the whole tract passes by the deed.  2 Dev. on Deeds, sec. 979; 4 Kent's Com., p. 468, and cases cited; Cutler v. Tufts, 3 Pick. (Mass.), 272; Greenlief v. Birth, 6 Pet., 302; Dennis v. Wilson, 107 Mass., 591; Whittaker v. Brown, 46 Pa. St., 197; Bridges v. Pierson, 46 N. Y., 601.

No brief for appellees reached the Reporter.

GARRETT, PRESIDING JUDGE, *Section B.*—This suit was brought by J. B. Watkins, as plaintiff, against N. E. Tucker and Imogene Tucker, to correct an alleged mistake in the description of lands embraced in a certain deed of trust and a subsequent administrator's deed.  The petition alleged, in substance, that on the 1st day of April, 1882, one Mattie Tucker, with Milton A. Tucker and his wife Lucretia Tucker, borrowed the sum of $2500 from the J. B. Watkins Land Mortgage Company, and to secure the payment thereof executed a deed of trust to plaintiff on 415 acres of land in Limestone County;

that a part of this land including that in controversy in this suit was the property of the said Mattie Tucker at the time the deed of trust was executed; that by a mistake in drawing the instrument seventy-one acres of the part belonging to said Mattie Tucker was erroneously left out by an exception after a description including the whole; that by the intention of the parties and the legal interpretation of the instrument the seventy-one acres should have been and was included in the conveyance; that the said Mattie A. Tucker afterward married one W. J. Lock, and in 1883 died testate, leaving her land in Limestone County to the defendants; that the administrator with the will annexed, under order of the Probate Court, sold the lands described in the trust deed to the plaintiff, but in making the deed followed the same description as set out in the deed of trust. There was prayer for decree reforming the trust deed and administrator's deed as to description, and to have title vested in the plaintiff.

Trial by jury resulted in a verdict and judgment for the defendants. Plaintiff excepted and gave notice of appeal, and has assigned errors for which he asks a reversal of the judgment of the court below. There is no statement of facts in the record.

Appellant's first and second assignments of error relate to the charge of the court, in which the jury were instructed, that it was not sufficient for the plaintiff to prove by a preponderance of the evidence that a mutual mistake was made in the trust deed conveying the property, but must prove this fact clearly and satisfactorily; and that prima facie the land described was the land actually intended to be conveyed, but this presumption could be overcome.

Abstractly considered, the first portion of the charge would be error; but whether or not it would be error for which the judgment of the court below should be reversed we can not determine in the absence of a statement of facts, because it is not shown that the plaintiff was injured by the instruction. As to the latter portion of the charge, it does no more than inform the jury that the burden of proof was on the plaintiff, who was seeking to reform the deed of trust, and is not a charge upon the weight of the evidence; but if it were, we are without a statement of facts to enable us to determine whether or not the appellant has sustained any injury.

Appellant has not incorporated in the record in any manner the deed of trust, nor the administrator's deed, which he seeks to reform; but an assignment of error is based on a description of the land contained in the third paragraph of the charge, to the effect that the court should have construed the deeds as conveying the seventy-one acres of land in controversy, because, as it is contended, when a deed conveys a tract of land by description, and then excepts a part of the tract granted, the exception is void as repugnant to the grant, and the whole tract passes by the deed. It appears that two larger tracts are de-

scribed, and from both of them the seventy-one acres tract is excepted by metes and bounds. There is no repugnancy. Koenigheim v. Miles, 67 Texas, 121. The use of the word *reserved* instead of *excepted* does not change the effect of the instrument when it is clear that an exception was intended. 2 Dev. on Deeds, sec. 980.

We conclude that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted April 26, 1892.