**Harry J. COYNE, Appellant,**

v.

**C. W. BUTLER et ux., Appellees.**

No. 140.

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 4, 1965.

C. T. Mortensen, Harlingen, for appellant.

Jon Dee Lawrence of Smith, McIlheran & Jenkines, Weslaco, for appellees.

NYE, Justice.

This is a summary judgment case. The trial court granted the plaintiff C. W. Butler and his wife's motion for summary judgment. Defendant Harry J. Coyne has perfected his appeal.

The plaintiffs, hereafter called Butler, sold a citrus orchard consisting of two tracts of land, to the defendant Coyne (appellant herein) in October of 1961, reciting as consideration therein certain cash down payment, the assumption of an existing note and mortgage on the property, and the exe-

cution of a second lien note in favor of Butler. Butler excepted and reserved one-half of the minerals under the first tract. There is no dispute concerning the second tract. The citrus grove was destroyed by a freeze which occurred in January and April of 1962. In May of 1962, Coyne decided he would like to reconvey the property back to Butler and cancel the indebtedness owed on the second lien note and his responsibility for the debt on the first lien note. All negotiations between the parties were conducted through their respective attorneys. Coyne proposed the reconveyance of the property, releasing him of the obligation of the indebtedness owed, but retaining his one-half interest in the minerals under the first tract as a partial recoupment of his cash down payment and loss caused by the freeze. Butler considered the offer of Coyne, but would not agree that Coyne could retain any of the minerals. He would accept only the reconveyance of all of the property, including the minerals, in satisfaction of the release of the indebtedness. Coyne admits that no agreement was reached between the parties. However, Coyne instructed his attorney to prepare a deed retaining one-half of the minerals, and submit it to Butler for his acceptance or rejection. The deed was prepared by Coyne's attorney, inspected by Coyne, and forwarded to Butler who accepted the deed and recorded it. Later, Butler sold the property to a third party, when a question arose as to the status of the minerals.

Coyne admits that the second deed of reconveyance to Butler from him was a clear and unambiguous warranty deed. He contends that there was no mistake, mutual or otherwise; that the deed reserves one-half of the minerals on the disputed tract in him. Butler, on the other hand, contends that there is no allegation of fraud; that he had instructed Coyne that if he wished to reconvey the property in consideration of the cancellation of the indebtedness he would have to act promptly, which Coyne did; that the deed, as a matter of law, con-

veyed everything that Coyne had heretofore owned to Butler. This suit was brought by Butler for a declaration of the rights of the parties under the deed.

Appellant seeks reversal upon the basis that the trial court erred (1) in holding as a matter of law that an exception in a general warranty deed conveyed title to the grantee of the excepted estate, and (2) in holding that a question of fact was not raised by the summary judgment evidence.

In the first deed from Butler to Coyne, Butler excepted and reserved one-half of the minerals in the following language:

"EXCEPTING THEREFROM an undivided 1/2 of the Oil, Gas and other Minerals lying in, on and under said property which are hereby expressly reserved to the Grantors, their heirs or assigns forever together with the right of ingress and egress for the purpose of producing said minerals."

In the deed back from Coyne to Butler, Coyne conveyed the fee simple title to the property, excepting one-half of the minerals in the following language:

"EXCEPTING THEREFROM an undivided 1/2 of the oil, gas and other minerals lying in, on and under said property, together with the right of ingress and egress for the purpose of producing said minerals."

Coyne warranted the above described property, agreeing therein to forever defend "all and singular the said premises unto the said grantees * * *."

The two deeds here involved are clear and unambiguous. Butler's deed conveyed a one-half mineral interest to Coyne, but contained a provision which was clearly a reservation of the remaining one-half interest. Coyne's return deed to Butler reconveyed all of the property in question, but contained a provision which was clearly only an exception of a one-half mineral interest.

Well settled rules are applicable here. A reservation operates for the benefit of the grantor, and it serves to retain in him his ownership to the extent stated. An exception, however, is no more than an exclusion from the grant and operates to the benefit of the grantor only to the extent that ownership in the excepted interest is vested in the grantor and is not outstanding in another person. Klein v. Humble Oil & Refining Company, Tex.Civ.App., 67 S.W. 2d 911, (1934), reversed on other grounds, 126 Tex. 450, 86 S.W.2d 1077 (1935), but specifically approving the holdings of the Court of Civil Appeals on the meaning and effect of the reservations and exceptions; Pich v. Lankford, 157 Tex. 335, 302 S.W.2d 645 (1957). See also 5 Tex. Practice— Land Titles, § 701, pp. 107–109. The effect of Coyne's return deed was to convey to Butler all of the one-half interest which he owned. Butler then owned one hundred percent of the mineral estate, made up of the one-half interest reserved in his deed to Coyne and the one-half interest re-acquired by Coyne's subsequent deed to him.

Where a deed expressly undertakes to except or reserve the specified undivided interest in favor of the grantor, he will be estopped to assert title to this interest, if such assertion would have the effect of reducing the fractional interest that the deed purports on its face to convey to the grantee. If the subject deed was not plain and clear and if both the grant and exception could not be given effect, the exception must fail. The risk of title loss is on the grantor. Duhig v. Peavy-Moore Lumber Co., 135 Tex. 503, 144 S.W.2d 878 (Sup.Ct. 1940).

Appellant Coyne's first point is not well taken because it is premised on the assumption that the trial court held that an exception in a general warranty deed conveys title to the grantee of the excepted estate. The trial court did not so hold, either directly or by implication, and error is not shown by such contention. Appellant's first point is overruled.

Appellant Coyne's second point presents the contention that a fact issue was presented which precluded summary judgment. He points out that appellees, in their First Amended Original Petition, plead mistake in the first alternative and fraud (actually alleged fraudulent concealment by appellant) in the second alternative. He further argues that it was his intention to retain and reserve a one-half mineral interest to himself and that his pleadings and affidavit support his position. The record fails to establish that any genuine issue of material fact was presented. The summary judgment is squarely based on the first count of Appellees' First Amended Original Petition and their motion in reliance upon it. The alternative pleas of fraud and mistake were never reached by the trial court and it was not necessary to consider them on the motion for summary judgment. Appellant's allegations and statements in his affidavit to the effect that he was satisfied that his deed to appellees retained a one-half mineral interest in him would not prevent the rendition of a summary judgment on the record as here presented. At most, this would present a mistake of law. We are concerned with Coyne's legal intention which is clearly shown on the face of his return deed to Butler and in the context of the whole record. Appellant's second point is overruled.

The trial court properly held that there was no genuine issue of material fact and that appellees were entitled to summary judgment as a matter of law decreeing that Coyne conveyed to Butler by his deed of May 22, 1962, all of the interest which he owned in the tract in question.

The judgment of the trial court is affirmed.