**R.D. PATRICK, Jr. et al., Petitioners,**

v.

**E.E. BARRETT, Respondent.**

**No. C–6247.**

Supreme Court of Texas.

June 17, 1987.

Rehearing Denied Sept. 16, 1987.

J.C. Zbranek, Zbranek, Hight & Cain, Liberty, for petitioners.

Joe Farris, Jr., Beaumont, Bill Richey, Kip Glasscock & Associates, Nederland, for respondent.

ROBERTSON, Justice.

This case concerns the proper construction of reservation and exception clauses in a mineral deed.

On July 13, 1946, L.G. Tuer and his wife, Iva Mae Tuer, conveyed a 44.5 acre tract of land to R.D. Patrick. In this deed, the Tuers excepted and reserved to themselves a ¹⁄₁₆th royalty interest. On September 1, 1950, Patrick conveyed the same 44.5 acres to Maurice and Carrie Barrett, husband and wife. This 1950 deed contained two exception and reservation clauses. The first clause contained the following exception:

> ... [t]here is *excepted* from this conveyance a one-sixteenth (¹⁄₁₆th) royalty interest in and to all of the oil, gas, sulphur and other minerals in and under and that may be produced from the above described tract of land, which said one-sixteenth (¹⁄₁₆th) royalty interest *was reserved unto L.G. Tuer* and wife, Iva Mae Tuer, by deed dated July 13, 1946, and recorded in Volume 287, page 372, Deed Records, Liberty County, Texas, to which reference is here made. (emphasis added).

The other pertinent clause contains the following exception and reservation:

> There is, however, *excepted and reserved* to the Grantors, their heirs and assigns, *an undivided one-half (½) interest* in and to all of the oil, gas, sulphur and other minerals in and under the above described land, together with the right of free ingress and egress in, on and across the above described land at any and all times for the purpose of prospecting, exploring, and developing said minerals, which shall include the drilling and producing therefrom, treating, storing and transporting said oil, gas, sulphur and other minerals, all by whatever means may be convenient, *except a one-thirty-second (¹⁄₃₂nd) royalty interest* in and to all of the oil, gas, sulphur and other minerals in and under that may be produced from said land, *out of the minerals so reserved herein, which said one-thirty-second (¹⁄₃₂nd) royalty interest is hereby specifically conveyed by Grantors herein to Grantees herein.* (emphasis added).

In 1952, the Tuers conveyed their previously reserved ¹⁄₁₆th royalty interest to Patrick. Oil and gas leases were subsequently executed and a conflict arose concerning the percentage of royalty interests held by the parties under the 1950 deed.

The case was tried on stipulated facts. The trial court then held that the ¹⁄₁₆th royalty interest reserved by the Tuers was properly chargeable against the Barretts' ½ mineral interest because the 1950 deed from Patrick to Barrett excepted this ¹⁄₁₆th royalty interest. Thus, the trial court awarded Patrick a ¹⁄₃₂nd royalty interest in addition to the ¹⁄₁₆th interest he purchased directly from the Tuers. The court of appeals, 724 S.W.2d 418, one judge dissenting, reversed the trial court's judgment and declared the Barretts ¹⁄₁₆th royalty interest owners. The court held that the presumption that a grantee receives a royalty interest in proportion to his mineral interest received in the deed was not overcome in this case by any express agreement. We reverse and render.

The keystone of this opinion is a clear understanding of the distinctions between an exception and a reservation. It is manifest that an exception does not pass title itself; instead it operates to prevent the excepted interest from passing at all. *Pich v. Lankford*, 157 Tex. 335, 339–40, 302 S.W.2d 645, 648 (1957). On the other hand, a reservation is made in favor of the grantor, wherein he reserves unto himself royalty interest, mineral rights and other rights. *Benge v. Scharbauer*, 152 Tex. 447, 451–52, 259 S.W.2d 166, 167–68 (1953).

The July 13, 1946, deed from the Tuers to Patrick conveyed the identical interest as

the deed of September 1, 1950 from Patrick to the Barretts. The 1950 deed from Patrick to the Barretts expressly *excepted* from the conveyance a ¹⁄₁₆th royalty interest and identified this exception as being the same royalty interest which was originally reserved and excepted by the Tuers. Thus, the express terms of the 1950 deed indicate that the ¹⁄₁₆th royalty interest which belonged to the Tuers was never conveyed to the Barretts. *See Klein v. Humble Oil & Refining Co.*, 67 S.W.2d 911, 913 (Tex.Civ.App.—Beaumont 1934), *modified on other grounds*, 126 Tex. 450, 86 S.W.2d 1077 (1935).[1] In the other pertinent clause of the 1950 deed, however, Patrick *reserved* to himself an undivided ½ interest in and to the mineral interest in the tract of land. Therefore, the 1950 deed specifically reserved for Patrick a ¹⁄₃₂nd royalty interest and conveyed to the Barretts the remaining ¹⁄₃₂nd royalty interest.

Nearly two years later, the Tuers conveyed the ¹⁄₁₆th royalty interest that they had originally reserved to Patrick by deed on February 6, 1952. Therefore, it is readily apparent that Patrick had a ¹⁄₁₆th royalty from the Tuers and that Patrick expressly conveyed only a ¹⁄₃₂nd interest to the Barretts while specifically excepting and reserving to himself the remaining ¹⁄₃₂nd interest by the September 1, 1950, deed. The clear result is that Patrick owned a ³⁄₃₂nds royalty interest after he purchased the Tuers' ¹⁄₁₆th interest in 1952.

■ As a general rule, there is a presumption that royalty interests should be proportionate to the mineral estate received. *Benge v. Scharbauer* 152 Tex. at 451–53, 259 S.W.2d at 168–69. However, all that is necessary to overcome this presumption of proportionate shares is that the parties plainly express an intention to convey different shares. *Benge* at 452–53, 259 S.W.2d at 169. Patrick satisfied this requirement by specifically excepting from the grant to the Barretts a ¹⁄₁₆th royalty interest which was identified as previously being reserved by the Tuers. Therefore, we hold that Patrick has overcome the presumption that royalty interests should equal mineral shares.

■ The result of the 1950 deed was that the Tuers retained their ¹⁄₁₆th royalty and Patrick and the Barretts each had a ¹⁄₃₂nd royalty. Then in 1952, the Tuers conveyed to Patrick their ¹⁄₁₆th royalty interest which brings Patrick's royalty interest to ³⁄₃₂nds. Barrett simply never was conveyed the ¹⁄₁₆th royalty interest of the Tuers because it was expressly excepted from the Patrick conveyance. Therefore the judgment of the court of appeals is reversed and we render judgment that Patrick receive the outstanding ¹⁄₃₂nd royalty interest.

---

1. Our construction of the exception in this case is supported by the reasoning of the court of appeals in *Klein.* In *Klein,* the court of appeals held that the exception is to be deducted from the whole conveyance of a mineral interest. *Klein* at 913. This part of the court of appeals' opinion was specifically approved by this court. *Klein,* 86 S.W.2d at 1078; *cf. Coyne v. Butler,* 396 S.W.2d 474, 476 (Tex.Civ.App.—Corpus Christi 1965, no writ). In *Coyne,* the court held as follows:

Well settled rules are applicable here. A reservation operates for the benefit of the grantor, and it serves to retain in him his ownership to the extent stated. *An exception, however, is no more than an exception from the grant* and operates to the benefit of the grantor only to the extent that ownership in the excepted interest is vested in the grantor and is not outstanding in another person. (emphasis added).