

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-441-CV

WILLIAM DOYLE MAGEE                                                      APPELLANT

V.

JOHN J. HAMBLETON AND                                                    APPELLEES
LISA M. WARNER

------------

## FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

This is a deed construction case in which Appellees John J. Hambleton and Lisa M. Warner sought to establish that they have an easement over land owned by Appellant William Doyle Magee. In three points, William appeals the trial court's summary judgment in favor of Appellees. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. FACTUAL BACKGROUND

### A. The Original Property

In 1972, William and Karen Kay Magee, who were married at the time, purchased a 5.29-acre tract of land (the "Original Property") located in Denton County. Wood Hollow Road runs north and south along the eastern boundary of the Original Property.

### B. Karen Conveys Her Interest in Part of the Original Property to William

William and Karen divorced in 1993. Pursuant to the terms of the divorce, Karen conveyed to William her one-half interest in the eastern 2.75 acres of the Original Property (the "Eastern Tract") pursuant to a warranty deed executed on July 16, 1993 (the "1993 Deed"). The 1993 Deed created two tracts of land out of the Original Property, with William as the sole owner of the Eastern Tract and Karen and William as co-owners of the remaining western 2.50 acres (the "Western Tract").

The 1993 Deed describes the Eastern Tract by metes and bounds and, following that description, includes the following language: "SAVING AND EXCEPTING a 20 foot ingress-egress easement along the entire North line of the above describe[d] tract."[2] Without this twenty-foot ingress-egress easement,

_____

[2] The 1993 Deed also contains a paragraph entitled "Reservations from and Exceptions to Conveyance and Warranty," which generally describes

2

which provided access to Wood Hollow Road via the Eastern Tract, the Western Tract was landlocked.

### C.  William Conveys His Interest in the Western Tract to Karen

On January 26, 1998, William conveyed his one-half interest in the Western Tract to Karen pursuant to a warranty deed (the "1998 Deed").  Thus, Karen became the sole owner of the Western Tract, and William continued to be the sole owner of the Eastern Tract.

The 1998 Deed states, "This conveyance is made and accepted subject to any and all easements, reservations, restrictions, conditions, and matters of record as same may affect the herein described property."  The 1998 Deed contains no other reservations or reference to any easements.

### D.  Karen Conveys the Western Tract to Morris

On May 1, 2003, Karen conveyed the Western Tract to Lanita Angel Morris.  The deed from Karen to Morris conveyed all of Karen's interest in "Tract 1" and "Tract 2."  The deed describes Tract 1 as the metes and bounds

---

"[e]asements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded . . . reservations, covenants, conditions, . . . and other instruments, other than liens and conveyances, that affect the property."

description of the Western Tract and Tract 2 as the twenty-foot ingress-egress easement along the north line of the Eastern Tract.[3]

### E. Morris Conveys the Western Tract to Appellees

On July 7, 2003, Morris conveyed the Western Tract to Appellees.[4] Appellees also own a 5.24-acre tract that adjoins the Western Tract's southern boundary line and that provides Appellees access to Wood Hollow Road via its eastern boundary.

---

[3] Specifically, the deed describes Tract 2 as follows:

Twenty (20) foot ingress-egress easement along the entire north line of that certain (called) 2.500 acre tract of land described in Warranty Deed dated July 16, 1993 [the Eastern Tract], executed by Karen Kay Magee to William Doyle Magee, recorded under County Clerk File No. 93-R0047749 in the Real Property Records of Denton County, Texas.

[4] Morris originally conveyed only one acre out of the Western Tract to Appellees but later executed a correction warranty deed to convey the entire Western Tract to Appellees. The correction warranty deed does not include any reference to the easement across the Eastern Tract. However, Morris subsequently executed a second correction warranty deed to include the easement in the description of the property conveyed to Appellees.

Appellees included as summary judgment evidence copies of the original, correction, and second correction deeds from Morris to Appellees. William objected to the admissibility of the second correction warranty deed, and the trial court overruled his objection. Although William complains in his third point that the trial court erred by overruling his objection, as set forth hereinafter, we need not reach the merits of this complaint.

4

## F. The Easement Dispute

In 2004, William informed Appellees that he was installing a gate on the Eastern Tract to prevent Appellees from accessing Wood Hollow Road via the easement across the Eastern Tract. William told Appellees that he would allow them to use the Eastern Tract to access the Western Tract only upon reasonable notice and with his permission.

Appellees filed suit against William and Morris after William constructed the fence.[5] Appellees claimed that William unlawfully prevented them from using the easement across his property and requested a declaration that William's obstruction of the easement constitutes an encroachment upon Appellee's property without justification. Appellees also brought claims against William for trespass to try title and trespass to real property, asserting that they had an express easement, an implied easement, an easement by necessity, and an easement by estoppel over the Eastern Tract.

## G. Summary Judgment

The parties filed cross-motions for summary judgment. The trial court denied William's motion and granted Appellees' motion "only to the extent that the Warranty Deed (dated July 16, 1993) . . . reserves an express ingress-

---

[5] Morris is not a party to this appeal.

egress easement in favor of the real property described in (a) the Warranty Deed (dated January 26, 1998) . . . and (b) the Warranty Deed (dated May 1, 2003) [the Western Tract]."[6]  The trial court expressly denied all other relief requested by Appellees and rendered final judgment in favor of Appellees. William filed this appeal.

### III. STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  *Sw. Elec. Power Co.,* 73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *Valence Operating Co. v.*

---

[6] Thus, the trial court's final judgment awarded Appellees superior title in the easement, meaning William would be required to stop blocking the easement.  The trial court did not grant Appellees' request for attorneys' fees and costs.

6

*Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965). But we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005).

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *Clear Creek Basin*, 589 S.W.2d at 678. When reviewing a summary judgment granted on specific grounds, the summary judgment can be affirmed only if the ground on which the trial court granted relief is meritorious. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625–26 (Tex. 1996).

## IV. SUMMARY JUDGMENT FOR APPELLEES WAS PROPER

In his first point, William argues that the trial court erred by granting summary judgment in favor of Appellees on the sole ground that the 1993 Deed "reserves an express ingress-egress easement" in favor of the Western Tract. Specifically, William argues that the trial court misinterpreted the words "saving and excepting" used in the 1993 Deed's description of the property as a

7

"reservation" of an easement in favor of the Western Tract. According to William, "saving and excepting" language cannot create an easement under Texas law, only "reservation" language can. Appellees, on the other hand, contend that we must give effect to the parties' objective intent, as expressed by and apparent from the 1993 Deed, and that the parties' intent was to establish an easement as described in that deed.

### A. General Rules of Deed Construction

A warranty deed will pass all of the estate owned by the grantor at the time of the conveyance unless reservations or exceptions reduce the estate conveyed. *Monroe v. Scott*, 707 S.W.2d 132, 133 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.) (citing *Cockrell v. Tex. Gulf Sulphur Co.*, 157 Tex. 10, 15, 299 S.W.2d 672, 675 (1956)). The primary duty of the court in interpreting what estate a deed conveys is to ascertain the intent of the parties. *Alford v. Krum*, 671 S.W.2d 870, 872 (Tex. 1984), *overruled on other grounds by Luckel v. White*, 819 S.W.2d 459 (Tex. 1991). We look to the intent that is expressed by the instrument, not the intent that the parties may have had but failed to express in the instrument. *Alford*, 671 S.W.2d at 872; *Pierson v. Sanger*, 93 Tex. 160, 163, 53 S.W. 1012, 1013 (1899).

In seeking to ascertain the intention of the parties, the court must attempt to harmonize all parts of a deed because the parties to an instrument intend

8

every clause to have some effect. *Woods v. Sims*, 154 Tex. 59, 64, 273 S.W.2d 617, 620 (1954); *see Associated Oil Co. v. Hart*, 277 S.W. 1043, 1044 (Tex. Comm'n App. 1925, holding approved) (providing that courts "will never strike down any portion [of a deed] except [when] there is an irreconcilable conflict wherein one part of the instrument destroys in effect another part"). In determining the legal effect of a deed, whether as to grant, exception, reservation, consideration, or other feature, the inquiry is not to be determined alone from a single word, clause, or part but from every word, clause, and part that is pertinent. *Zephyr Oil Co. v. Cunningham*, 265 S.W.2d 169, 174 (Tex. Civ. App.—Fort Worth 1954, writ ref'd n.r.e.) (citing *Reynolds v. McMan Oil & Gas Co.*, 11 S.W.2d 778, 781 (Tex. Comm'n App. 1928, holding approved)); *see Hart*, 277 S.W. at 1044.

### B. General Rules Regarding Reservations and Exceptions

The extent of the estate conveyed to the grantee may be dependent on an exception or reservation in the deed, and the construction and operation of both the grant and the exception or reservation must be determined from the instrument, taking into consideration the object and purpose of the instrument. *Reynolds*, 11 S.W.2d at 781. The words "exception" and "reservation" are often used interchangeably, but each has its own separate meaning. *Klein v.*

9

*Humble Oil & Refining Co.*, 67 S.W.2d 911, 915 (Tex. Civ. App.—Beaumont 1934), *aff'd*, 126 Tex. 450, 86 S.W.2d 1077 (1935).

A reservation is the creation of a new right in favor of the grantor. *Patrick v. Barrett*, 734 S.W.2d 646, 647 (Tex. 1987); *Bagby v. Bredthauer*, 627 S.W.2d 190, 195 (Tex. App.—Austin 1981, no writ).  On the other hand, an exception does not pass title itself; instead, it operates to prevent the excepted interest from passing at all.  *Patrick*, 734 S.W.2d at 647.  Title to the interest excepted remains in the grantor by virtue of his original title.  *Id*.

An owner who wishes to reserve a right or easement from conveying with the conveyed property must make the reservation by clear language. *Holmstrom v. Lee*, 26 S.W.3d 526, 531 (Tex. App.—Austin 2000, no pet.) (citing *Graham v. Kuzmich*, 876 S.W.2d 446, 449 (Tex. App.—Corpus Christi 1994, no writ) (noting that reservations and exceptions are strongly construed against grantors and for grantees)); *Reeves v. Towery*, 621 S.W.2d 209, 212 (Tex. Civ. App.—Corpus Christi 1981, writ ref'd n.r.e.).  However, even if an easement clause is vague, indefinite, or uncertain, a court is not authorized to completely ignore the valuable right thereby granted.  *Hubert v. Davis*, 170 S.W.3d 706, 711 (Tex. App.—Tyler 2005, no pet.).

Sometimes what purports to be a reservation in a deed has the force of an exception. *Donnell v. Otts*, 230 S.W. 864, 865 (Tex. Civ. App.—Fort Worth

10

1921, no writ). Courts will not attribute to one the meaning of the other unless from the face of the instrument it is apparent that by the use of one word the other was intended. *Klein*, 67 S.W.2d at 915.

### C. The "Saving and Excepting" Language in the 1993 Deed

In this case, the 1993 Deed effectively severed the larger 5.29-acre tract into two separate tracts and caused the Western Tract to be landlocked. Consequently, Karen included language "SAVING AND EXCEPTING a 20 foot ingress-egress easement along the entire North line" of the Eastern Tract for her to access the road to the east of the Eastern Tract from the Western Tract.[7]

William essentially asks us to ignore in toto the "SAVING AND EXCEPTING" clause in the 1993 Deed, claiming that the use of the term "saving and excepting" instead of "reserving" renders the clause a nullity. But applying the rules of construction to determine the legal effect of the 1993 Deed, the inquiry is not to be determined alone from the single "SAVING AND EXCEPTING" phrase; instead, we must look at every word, clause, and part

---

[7] Because an easement is the right to use the property *of another* and fee simple title includes the right to use all of the property, Karen could not have had and would not have needed an easement over any portion of the Original Property until after she conveyed her interest in a portion of the Original Property to William. *See* Black's Law Dictionary 509 (6th ed. 1990) (defining an easement as the right to use property *owed by another person*); *Cecola v. Ruley*, 12 S.W.3d 848, 852 (Tex. App.—Texarkana 2000, no pet.) (noting that one who owns fee simple title does not need an easement across his property).

11

that is pertinent. *See Zephyr Oil Co.*, 265 S.W.2d at 174; *Hart*, 277 S.W. at 1044; *see also Mitchell v. Castellaw*, 151 Tex. 56, 63–64, 246 S.W.2d 163, 166–67 (1952) ("[N]either words of inheritance nor other words of art are essential to the valid reservation of an appurtenant easement of even unlimited duration."); *cf. Watkins v. Tucker*, 84 Tex. 428, 431, 19 S.W. 570, 570 (1892) (holding that use of the word "reserved" instead of "excepted" did not change the effect of the instrument when it was clear that an exception was intended). The 1993 Deed specifically uses the words *"ingress-egress easement"* to describe the resulting interest, and it is clear that, by this language, the grantor — Karen — intended to establish the easement for a specific purpose: accessing the road to the east of the Eastern Tract from the Western Tract. *See Mitchell*, 151 Tex. at 63–64, 246 S.W.2d at 166–67; *Watkins*, 84 Tex. at 431, 19 S.W. at 570; *Houston Oil Co. of Tex. v. Williams*, 57 S.W.2d 380, 385 (Tex. App. — Texarkana 1933, writ ref'd) (holding that exception in deed "sufficiently indicates an intention on [grantor's] part to reserve and hold the graveyard in trust by him"); *Donnell*, 230 S.W. at 865 ("While the term used was 'reserved,' instead of 'excepted,' it is manifest from the provision as a whole that the minerals in the land were to be 'held,' and were property *in esse*, not some new right . . . .").

12

In support of his contention that the 1993 Deed's "saving and excepting" language is a nullity, William relies on *Coyne v. Butler*, 396 S.W.2d 474 (Tex. Civ. App.—Corpus Christi 1965, no writ). In *Coyne*, Butler deeded property to Coyne but reserved a one-half mineral interest. *Id.* at 475. The deed to Coyne included the following language: "EXCEPTING THEREFROM an undivided 1/2 of the Oil, Gas and other Minerals . . . *which are hereby expressly reserved to the Grantors.*" *Id*. (emphasis added). Coyne later reconveyed the same property to Butler. *Id.* The return deed to Butler contained the following language: "EXCEPTING THEREFROM an undivided1/2 of the oil, gas and other minerals"; it did not include language of reservation. *Id.* The Corpus Christi court held that the first deed from Butler to Coyne reserved to Butler a one-half mineral interest but that Coyne's return deed to Butler "was clearly only an exception of a one-half mineral interest"; that is, Coyne's return deed excepted from the conveyance to Butler the interest Butler previously had reserved to himself in his initial conveyance to Coyne rather than reserved a one-half mineral interest to Coyne. *Id.*

*Coyne* is distinguishable from the present case. *Coyne* dealt with a deed (from Coyne back to Butler) in which the exception (a one-half mineral interest excepted from Coyne's conveyance back to Butler) could not be construed as a reservation of minerals to Coyne because Butler previously had reserved a

13

one-half mineral interest.  *See id.* at 476; *Klein*, 67 S.W.2d at 913–15; *see also*

*Duhig v. Peavy-Moore Lumber Co.*, 135 Tex. 503, 506–07, 144 S.W.2d 878,

879–80 (1940) (holding that reservation of mineral interest is ineffective when

both grant and reservation could not operate because balance of mineral

interest previously had been conveyed).  Here, unlike in *Coyne*, the easement

interest reserved in the 1993 Deed did not reduce the fractional interest in the

Eastern Tract that was conveyed to William; it established only certain rights

of ingress and egress over the Eastern Tract that burden the Eastern Tract.[8]

*See, e.g.*, *Milligan v. Niebuhr*, 990 S.W.2d 823, 825–26 (Tex. App.—Austin

1999, no pet.) ("[O]wnership of the easement does not confer any additional

interest in the dominant estate because a fee simple owner already possesses

the fullest interest possible in that estate.").

---

[8] Likewise, William's reliance on *Haines v. McLean*, 154 Tex. 272, 276 S.W.2d 777 (1955), is misplaced.  *Haines* holds that a deed that conveys land and then excepts from such conveyance a previously-existing easement over the land conveyed conveys the fee to the entire tract (including the portion burdened by the easement) and that the exception merely renders the conveyance subject to the easement. *Id.* at 281, 276 S.W.2d at 782.  Here, the parties do not dispute that William acquired fee title to the entire Eastern Tract by virtue of the 1993 Deed.  What is at issue in this case is whether the 1993 Deed created a right in the owner of the Western Tract access the Western tract via a twenty-foot strip of land across the North line of the Eastern Tract.

Giving effect to, and harmonizing, every part of the 1993 Deed, we hold that the 1993 Deed reserved an easement across the Eastern Tract for the benefit of the Western Tract.[9] *See Mitchell*, 151 Tex. at 63–64, 246 S.W.2d at 166–67; *Watkins*, 84 Tex. at 431, 19 S.W. at 570; *Williams*, 57 S.W.2d at 385; *Donnell*, 230 S.W. at 865; *see also Moctezuma v. Upton*, No. 14-94-00009-CV, 1995 WL 681294, at *2 (Tex. App.—Houston [14th Dist.] Nov. 16, 1995, writ denied) (op. on reh'g) (not designated for publication) (looking to parties' intent to hold that deed conveying property "subject to" road easement established existence of easement encumbering grantor's interest). Moreover, the easement, which was established for the benefit of the Western Tract and which, therefore, is classified as an easement appurtenant, passed

---

[9] We limit our holding to the unique facts presented in which one undivided one-half interest owner of the larger tract conveyed her interest in a portion of the larger tract to the other undivided one-half interest owner and excepted an easement across the portion conveyed. Although one cotenant generally cannot convey an interest, such as an easement, in common property without express authority or ratification of the remaining cotenants, *see Elliott v. Elliott*, 597 S.W.2d 795, 802 (Tex. Civ. App.—Corpus Christi 1980, no writ), the conveyance at issue in this case did not involve third parties. And to the extent that William suffered any prejudice as the owner of the smaller tract burdened by the easement, he acquiesced in or ratified Karen's creation of this easement by accepting the 1993 Deed. *See generally Home Owners' Loan Corp. v. Cilley*, 125 S.W.2d 313, 316 (Tex. Civ. App.—Amarillo 1939, writ ref'd) (explaining general rule that the acceptance by one cotenant of the benefit of a cotenant's act with knowledge of the material facts will constitute ratification of the act).

to the subsequent owners of the Western Tract regardless of whether the conveyance to them specifically included language conveying the easement interest. *See, e.g.*, *Holmstrom*, 26 S.W.3d at 531; *McDaniel v. Calvert*, 875 S.W.2d 482, 484 (Tex. App.—Fort Worth 1994, no writ) (holding that easement appurtenant automatically transferred to current owners of property when previous owner assigned his interest to them); *First Nat'l Bank of Amarillo v. Amarillo Nat'l Bank*, 531 S.W.2d 905, 906 (Tex. Civ. App.—Amarillo 1975, no writ) ("An easement appurtenant is an easement interest which attaches to the land and passes with it."). Thus, Appellees, as the current owners of the Western Tract, are also the current holders of the easement.

Consequently, we hold that the trial court did not err by granting Appellees' motion for summary judgment on the ground that the 1993 Deed reserved an express ingress-egress easement in favor of the Western Tract owned by Appellees. We overrule William's first point.

## V. Conclusion

In his second point, William claims that the trial court erred by denying his motion for summary judgment. Having overruled William's first point and having held that the trial court did not err by granting summary judgment for Appellees, we need not address William's second point. *See* Tex. R. App. P. 47.1. In his third point, he argues that the trial court erred by overruling his

16

objection to Exhibit J to Appellee's summary judgment evidence.  We have not considered Exhibit J in our analysis of whether the trial court correctly granted summary judgment for Appellees on the ground that the 1993 Deed reserved an express ingress-egress easement in favor of the Western Tract owned by Appellees.  Accordingly, we need not address Williams's third point.  *See id.*

We affirm the trial court's judgment.


                                        SUE WALKER
                                        JUSTICE

PANEL: LIVINGSTON, WALKER, and MEIER, JJ.

DELIVERED: August 25, 2009

17