COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-441-CV

 

 

WILLIAM DOYLE MAGEE                                                      APPELLANT

 

                                                   V.

 

JOHN J. HAMBLETON AND                                                    APPELLEES

LISA M. WARNER

 

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                           I.
INTRODUCTION

This is a deed construction case in which
Appellees John J. Hambleton and Lisa M. Warner sought to establish that they
have an easement over land owned by Appellant William Doyle Magee.  In three points, William appeals the trial
court=s
summary judgment in favor of Appellees. 
We will affirm.








                                     II.
FACTUAL BACKGROUND

                                    A.  The Original Property

In 1972, William and Karen Kay Magee, who were
married at the time, purchased a 5.29-acre tract of land (the AOriginal
Property@)
located in Denton County.  Wood Hollow
Road runs north and south along the eastern boundary of the Original Property.

    B.  Karen Conveys Her Interest in Part of the
Original Property to William

William and Karen divorced in 1993.  Pursuant to the terms of the divorce, Karen
conveyed to William her one-half interest in the eastern 2.75 acres of the
Original Property (the AEastern Tract@)
pursuant to a warranty deed executed on July 16, 1993 (the A1993
Deed@).  The 1993 Deed created two tracts of land out
of the Original Property, with William as the sole owner of the Eastern Tract
and Karen and William as co-owners of the remaining western 2.50 acres (the AWestern
Tract@).








The 1993 Deed describes the Eastern Tract by
metes and bounds and, following that description, includes the following
language: ASAVING AND EXCEPTING a 20 foot
ingress-egress easement along the entire North line of the above describe[d]
tract.@[2]  Without this twenty-foot ingress-egress
easement, which provided access to Wood Hollow Road via the Eastern Tract, the
Western Tract was landlocked.

          C.  William Conveys His Interest in the Western
Tract to Karen

On January 26, 1998, William conveyed his
one-half interest in the Western Tract to Karen pursuant to a warranty deed
(the A1998
Deed@).  Thus, Karen became the sole owner of the Western
Tract, and William continued to be the sole owner of the Eastern Tract.

The 1998 Deed states, AThis
conveyance is made and accepted subject to any and all easements, reservations,
restrictions, conditions, and matters of record as same may affect the herein
described property.@ 
The 1998 Deed contains no other reservations or reference to any
easements.

                     D.  Karen Conveys the Western Tract to Morris








On May 1, 2003, Karen conveyed the Western Tract
to Lanita Angel Morris.  The deed from
Karen to Morris conveyed all of Karen=s
interest in ATract 1@ and ATract 2.@  The deed describes Tract 1 as the metes and
bounds description of the Western Tract and Tract 2 as the twenty-foot
ingress-egress easement along the north line of the Eastern Tract.[3]

                  E.  Morris Conveys the Western Tract to Appellees

On July 7, 2003, Morris conveyed the Western
Tract to Appellees.[4]  Appellees also own a 5.24-acre tract that
adjoins the Western Tract=s southern boundary line and
that provides Appellees access to Wood Hollow Road via its eastern boundary.








                                   F.  The Easement Dispute

In 2004,
William informed Appellees that he was installing a gate on the Eastern Tract
to prevent Appellees from accessing Wood Hollow Road via the easement across
the Eastern Tract.  William told
Appellees that he would allow them to use the Eastern Tract to access the
Western Tract only upon reasonable notice and with his permission.

Appellees
filed suit against William and Morris after William constructed the fence.[5]  Appellees claimed that William unlawfully
prevented them from using the easement across his property and requested a
declaration that William=s obstruction of the easement
constitutes an encroachment upon Appellee=s
property without justification. 
Appellees also brought claims against William for trespass to try title
and trespass to real property, asserting that they had an express easement, an
implied easement, an easement by necessity, and an easement by estoppel over
the Eastern Tract.

                                    G.  Summary Judgment








The
parties filed cross-motions for summary judgment.  The trial court denied William=s motion
and granted Appellees= motion Aonly to
the extent that the Warranty Deed (dated July 16, 1993) . . . reserves an
express ingress-egress easement in favor of the real property described in (a)
the Warranty Deed (dated January 26, 1998) . . . and (b) the Warranty Deed
(dated May 1, 2003) [the Western Tract].@[6]  The trial court expressly denied all other
relief requested by Appellees and rendered final judgment in favor of Appellees.  William filed this appeal.

                                     III. STANDARD OF REVIEW

In a
summary judgment case, the issue on appeal is whether the movant met the
summary judgment burden by establishing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Sw. Elec. Power
Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.








When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s
favor.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). 
Evidence that favors the movant=s
position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).  But we must consider whether reasonable and
fair-minded jurors could differ in their conclusions in light of all of the
evidence presented.  See Wal-Mart
Stores, Inc. v. Spates, 186 S.W.3d 566, 568 (Tex. 2006); City of Keller
v. Wilson, 168 S.W.3d 802, 822B24 (Tex.
2005).

The summary judgment will be affirmed only if the
record establishes that the movant has conclusively proved all essential
elements of the movant=s cause of action or defense as
a matter of law.  Clear Creek Basin,
589 S.W.2d at 678.  When reviewing a
summary judgment granted on specific grounds, the summary judgment can be
affirmed only if the ground on which the trial court granted relief is
meritorious.  Cincinnati Life Ins. Co.
v. Cates, 927 S.W.2d 623, 625B26 (Tex.
1996).

             IV. Summary Judgment for Appellees was Proper








In his first point, William argues that the trial
court erred by granting summary judgment in favor of Appellees on the sole
ground that the 1993 Deed Areserves
an express ingress-egress easement@ in
favor of the Western Tract. 
Specifically, William argues that the trial court misinterpreted the
words Asaving
and excepting@ used in the 1993 Deed=s
description of the property as a Areservation@ of an
easement in favor of the Western Tract. 
According to William, Asaving
and excepting@ language cannot create an
easement under Texas law, only Areservation@
language can.  Appellees, on the other
hand, contend that we must give effect to the parties=
objective intent, as expressed by and apparent from the 1993 Deed, and that the
parties= intent
was to establish an easement as described in that deed.

                          A.  General Rules of Deed Construction

A warranty deed will pass all of the estate owned
by the grantor at the time of the conveyance unless reservations or exceptions
reduce the estate conveyed.  Monroe v.
Scott, 707 S.W.2d 132, 133 (Tex. App.CCorpus
Christi 1986, writ ref=d n.r.e.) (citing Cockrell v.
Tex. Gulf Sulphur Co., 157 Tex. 10, 15, 299 S.W.2d 672, 675 (1956)). The
primary duty of the court in interpreting what estate a deed conveys is to
ascertain the intent of the parties.  Alford
v. Krum, 671 S.W.2d 870, 872 (Tex. 1984), overruled on other grounds by
Luckel v. White, 819 S.W.2d 459 (Tex. 1991).  We look to the intent that is expressed by
the instrument, not the intent that the parties may have had but failed to
express in the instrument.  Alford,
671 S.W.2d at 872; Pierson v. Sanger, 93 Tex. 160, 163, 53 S.W. 1012,
1013 (1899).








In seeking to ascertain the intention of the
parties, the court must attempt to harmonize all parts of a deed because the
parties to an instrument intend every clause to have some effect.  Woods v. Sims, 154 Tex. 59, 64, 273
S.W.2d 617, 620 (1954); see Associated Oil Co. v. Hart, 277 S.W. 1043,
1044 (Tex. Comm=n App. 1925, holding approved)
(providing that courts Awill never strike down any
portion [of a deed] except [when] there is an irreconcilable conflict wherein
one part of the instrument destroys in effect another part@).  In determining the legal effect of a deed,
whether as to grant, exception, reservation, consideration, or other feature,
the inquiry is not to be determined alone from a single word, clause, or part
but from every word, clause, and part that is pertinent.  Zephyr Oil Co. v. Cunningham, 265
S.W.2d 169, 174 (Tex. Civ. App.CFort
Worth 1954, writ ref=d n.r.e.) (citing Reynolds v.
McMan Oil & Gas Co., 11 S.W.2d 778, 781 (Tex. Comm=n App.
1928, holding approved)); see Hart, 277 S.W. at 1044.

              B.  General Rules Regarding Reservations and
Exceptions








The extent of the estate conveyed to the grantee
may be dependent on an exception or reservation in the deed, and the
construction and operation of both the grant and the exception or reservation
must be determined from the instrument, taking into consideration the object
and purpose of the instrument.  Reynolds,
11 S.W.2d at 781.  The words Aexception@ and Areservation@ are
often used interchangeably, but each has its own separate meaning.  Klein v. Humble Oil & Refining Co.,
67 S.W.2d 911, 915 (Tex. Civ. App.CBeaumont
1934), aff=d, 126
Tex. 450, 86 S.W.2d 1077 (1935). 

A reservation is the creation of a new right in favor
of the grantor.  Patrick v. Barrett,
734 S.W.2d 646, 647 (Tex. 1987); Bagby v. Bredthauer, 627 S.W.2d 190,
195 (Tex. App.CAustin 1981, no writ).  On the other hand, an exception does not pass
title itself; instead, it operates to prevent the excepted interest from
passing at all.  Patrick, 734
S.W.2d at 647.  Title to the interest
excepted remains in the grantor by virtue of his original title.  Id.

An owner who wishes to reserve a right or
easement from conveying with the conveyed property must make the reservation by
clear language.  Holmstrom v. Lee,
26 S.W.3d 526, 531 (Tex. App.CAustin
2000, no pet.) (citing Graham v. Kuzmich, 876 S.W.2d 446, 449 (Tex. App.CCorpus
Christi 1994, no writ) (noting that reservations and exceptions are strongly
construed against grantors and for grantees)); Reeves v. Towery, 621
S.W.2d 209, 212 (Tex. Civ. App.CCorpus
Christi 1981, writ ref=d n.r.e.).  However, even if an easement clause is vague,
indefinite, or uncertain, a court is not authorized to completely ignore the
valuable right thereby granted.  Hubert
v. Davis, 170 S.W.3d 706, 711 (Tex. App.CTyler
2005, no pet.).








Sometimes what purports to be a reservation in a
deed has the force of an exception.  Donnell
v. Otts, 230 S.W. 864, 865 (Tex. Civ. App.CFort
Worth 1921, no writ).  Courts will not
attribute to one the meaning of the other unless from the face of the
instrument it is apparent that by the use of one word the other was intended.  Klein, 67 S.W.2d at 915. 

            C.  The ASaving
and Excepting@ Language in the 1993 Deed

In this case, the 1993 Deed effectively severed
the larger 5.29-acre tract into two separate tracts and caused the Western
Tract to be landlocked.  Consequently,
Karen included language ASAVING AND EXCEPTING a 20 foot
ingress-egress easement along the entire North line@ of the
Eastern Tract for her to access the road to the east of the Eastern Tract from
the Western Tract.[7]








William essentially asks us to ignore in toto the
ASAVING
AND EXCEPTING@ clause in the 1993 Deed,
claiming that the use of the term Asaving
and excepting@ instead of Areserving@ renders
the clause a nullity.  But applying the
rules of construction to determine the legal effect of the 1993 Deed, the
inquiry is not to be determined alone from the single ASAVING
AND EXCEPTING@ phrase; instead, we must look
at every word, clause, and part that is pertinent.  See Zephyr Oil Co., 265 S.W.2d at 174;
Hart, 277 S.W. at 1044; see also Mitchell v. Castellaw, 151 Tex.
56, 63B64, 246
S.W.2d 163, 166B67 (1952) (A[N]either
words of inheritance nor other words of art are essential to the valid
reservation of an appurtenant easement of even unlimited duration.@); cf.
Watkins v. Tucker, 84 Tex. 428, 431, 19 S.W. 570, 570 (1892) (holding that
use of the word Areserved@ instead
of Aexcepted@ did not
change the effect of the instrument when it was clear that an exception was
intended).  The 1993 Deed specifically
uses the words Aingress-egress easement@ to
describe the resulting interest, and it is clear that, by this language, the
grantorCKarenCintended
to establish the easement for a specific purpose: accessing the road to the
east of the Eastern Tract from the Western Tract.  See Mitchell, 151 Tex. at 63B64, 246
S.W.2d at 166B67; Watkins, 84 Tex. at
431, 19 S.W. at 570; Houston Oil Co. of Tex. v. Williams, 57 S.W.2d 380,
385 (Tex. App.CTexarkana 1933, writ ref=d)
(holding that exception in deed Asufficiently
indicates an intention on [grantor=s] part
to reserve and hold the graveyard in trust by him@); Donnell,
230 S.W. at 865 (AWhile the term used was >reserved,= instead
of >excepted,= it is
manifest from the provision as a whole that the minerals in the land were to be
>held,= and
were property in esse, not some new right . . . .@). 








In support of his contention that the 1993 Deed=s Asaving
and excepting@ language is a nullity, William
relies on Coyne v. Butler, 396 S.W.2d 474 (Tex. Civ. App.CCorpus
Christi 1965, no writ).  In Coyne,
Butler deeded property to Coyne but reserved a one-half mineral interest.  Id. at 475.  The deed to Coyne included the following
language:  AEXCEPTING
THEREFROM an undivided 1/2 of the Oil, Gas and other Minerals . . . which
are hereby expressly reserved to the Grantors.@  Id. (emphasis added).  Coyne later reconveyed the same property to
Butler.  Id.  The return deed to Butler contained the
following language:  AEXCEPTING
THEREFROM an undivided1/2 of the oil, gas and other minerals@; it did
not include language of reservation.  Id.  The Corpus Christi court held that the first
deed from Butler to Coyne reserved to Butler a one-half mineral interest but
that Coyne=s return deed to Butler Awas
clearly only an exception of a one-half mineral interest@; that
is, Coyne=s return deed excepted from the
conveyance to Butler the interest Butler previously had reserved to himself in
his initial conveyance to Coyne rather than reserved a one-half mineral
interest to Coyne.  Id. 








Coyne is distinguishable from the
present case.  Coyne dealt with a
deed (from Coyne back to Butler) in which the exception (a one-half mineral
interest excepted from Coyne=s
conveyance back to Butler) could not be construed as a reservation of minerals
to Coyne because Butler previously had reserved a one-half mineral
interest.  See id. at 476; Klein,
67 S.W.2d at 913B15; see also Duhig v.
Peavy-Moore Lumber Co., 135 Tex. 503, 506B07, 144
S.W.2d 878, 879B80 (1940) (holding that
reservation of mineral interest is ineffective when both grant and reservation
could not operate because balance of mineral interest previously had been
conveyed).  Here, unlike in Coyne,
the easement interest reserved in the 1993 Deed did not reduce the fractional
interest in the Eastern Tract that was conveyed to William; it established only
certain rights of ingress and egress over the Eastern Tract that burden the
Eastern Tract.[8]  See, e.g., Milligan v. Niebuhr,
990 S.W.2d 823, 825B26 (Tex. App.CAustin
1999, no pet.) (A[O]wnership of the easement does
not confer any additional interest in the dominant estate because a fee simple
owner already possesses the fullest interest possible in that estate.@).













Giving
effect to, and harmonizing, every part of the 1993 Deed, we hold that the 1993
Deed reserved an easement across the Eastern Tract for the benefit of the
Western Tract.[9]  See Mitchell, 151 Tex. at 63B64, 246
S.W.2d at 166B67; Watkins, 84 Tex. at
431, 19 S.W. at 570; Williams, 57 S.W.2d at 385; Donnell, 230
S.W. at 865; see also Moctezuma v. Upton, No. 14-94-00009-CV, 1995 WL
681294, at *2 (Tex. App.CHouston [14th Dist.] Nov. 16,
1995, writ denied) (op. on reh=g) (not
designated for publication) (looking to parties= intent
to hold that deed conveying property Asubject
to@ road
easement established existence of easement encumbering grantor=s
interest).  Moreover, the easement, which
was established for the benefit of the Western Tract and which, therefore, is
classified as an easement appurtenant, passed to the subsequent owners of the
Western Tract regardless of whether the conveyance to them specifically
included language conveying the easement interest.  See, e.g., Holmstrom, 26 S.W.3d
at 531; McDaniel v. Calvert, 875 S.W.2d 482, 484 (Tex. App.CFort
Worth 1994, no writ) (holding that easement appurtenant automatically
transferred to current owners of property when previous owner assigned his
interest to them); First Nat=l Bank
of Amarillo v. Amarillo Nat=l Bank, 531
S.W.2d 905, 906 (Tex. Civ. App.CAmarillo
1975, no writ) (AAn easement appurtenant is an
easement interest which attaches to the land and passes with it.@).  Thus, Appellees, as the current owners of the
Western Tract, are also the current holders of the easement.

Consequently,
we hold that the trial court did not err by granting Appellees= motion
for summary judgment on the ground that the 1993 Deed reserved an express
ingress-egress easement in favor of the Western Tract owned by Appellees.  We overrule William=s first
point.

                                           V. CONCLUSION








In his
second point, William claims that the trial court erred by denying his motion
for summary judgment.  Having overruled
William=s first
point and having held that the trial court did not err by granting summary
judgment for Appellees, we need not address William=s second
point.  See Tex. R. App. P.
47.1.  In his third point, he argues that
the trial court erred by overruling his objection to Exhibit J to Appellee=s
summary judgment evidence.  We have not
considered Exhibit J in our analysis of whether the trial court correctly
granted summary judgment for Appellees on the ground that the 1993 Deed
reserved an express ingress-egress easement in favor of the Western Tract owned
by Appellees.  Accordingly, we need not
address Williams=s third point.  See id.

We
affirm the trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL: LIVINGSTON, WALKER, and MEIER, JJ.

 

DELIVERED: August 25, 2009

 











[1]See Tex. R. App. P. 47.4.





[2]The 1993 Deed also
contains a paragraph entitled AReservations from and Exceptions to Conveyance
and Warranty,@ which generally
describes A[e]asements,
rights-of-way, and prescriptive rights, whether of record or not; all presently
recorded . . . reservations, covenants, conditions, . . . and other
instruments, other than liens and conveyances, that affect the property.@





[3]Specifically, the deed
describes Tract 2 as follows:

 

Twenty (20) foot ingress-egress easement along the entire north line
of that certain (called) 2.500 acre tract of land described in Warranty Deed
dated July 16, 1993 [the Eastern Tract], executed by Karen Kay Magee to William
Doyle Magee, recorded under County Clerk File No. 93-R0047749 in the Real
Property Records of Denton County, Texas. 





[4]Morris originally
conveyed only one acre out of the Western Tract to Appellees but later executed
a correction warranty deed to convey the entire Western Tract to
Appellees.  The correction warranty deed
does not include any reference to the easement across the Eastern Tract.  However, Morris subsequently executed a
second correction warranty deed to include the easement in the description of
the property conveyed to Appellees.

 

Appellees
included  as summary judgment evidence copies
of the original, correction, and second correction deeds from Morris to
Appellees.  William objected to the
admissibility of the second correction warranty deed, and the trial court
overruled his objection.  Although
William complains in his third point that the trial court erred by overruling
his objection, as set forth hereinafter, we need not reach the merits of this
complaint.





[5]Morris is not a party to
this appeal. 





[6]Thus, the trial court=s final judgment awarded
Appellees superior title in the easement, meaning William would be required to
stop blocking the easement.  The trial
court did not grant Appellees= request for attorneys= fees and costs.





[7]Because an easement is
the right to use the property of another and fee simple title includes
the right to use all of the property, Karen could not have had and would not
have needed an easement over any portion of the Original Property until after
she conveyed her interest in a portion of the Original Property to
William.  See Black=s Law Dictionary 509 (6th
ed. 1990) (defining an easement as the right to use property owed by another
person); Cecola v. Ruley, 12 S.W.3d 848, 852 (Tex. App.CTexarkana 2000, no pet.)
(noting that one who owns fee simple title does not need an easement across his
property).





[8]Likewise, William=s reliance on Haines
v. McLean, 154 Tex. 272, 276 S.W.2d 777 (1955), is misplaced.  Haines holds that a deed that conveys
land and then excepts from such conveyance a previously-existing easement over
the land conveyed conveys the fee to the entire tract (including the portion
burdened by the easement) and that the exception merely renders the conveyance
subject to the easement.  Id. at
281, 276 S.W.2d at 782.  Here, the
parties do not dispute that William acquired fee title to the entire Eastern
Tract by virtue of the 1993 Deed.  What
is at issue in this case is whether the 1993 Deed created a right in the owner
of the Western Tract access the Western tract via a twenty-foot strip of land
across the North line of the Eastern Tract.





[9]We limit our holding to
the unique facts presented in which one undivided one-half interest owner of
the larger tract conveyed her interest in a portion of the larger tract to the
other undivided one-half interest owner and excepted an easement across the
portion conveyed.  Although one cotenant
generally cannot convey an interest, such as an easement, in common property
without express authority or ratification of the remaining cotenants, see
Elliott v. Elliott, 597 S.W.2d 795, 802 (Tex. Civ. App.CCorpus Christi 1980, no
writ), the conveyance at issue in this case did not involve third parties.  And to the extent that William suffered any
prejudice as the owner of the smaller tract burdened by the easement, he acquiesced
in or ratified Karen=s creation of this
easement by accepting the 1993 Deed.  See
generally Home Owners= Loan Corp. v. Cilley, 125 S.W.2d 313, 316
(Tex. Civ. App.CAmarillo 1939, writ ref=d) (explaining general
rule that the acceptance by one cotenant of the benefit of a cotenant=s act with knowledge of
the material facts will constitute ratification of the act).